LYONS & FLOOD, L LP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD

                                             **08 Civ. 00223 (JSR)**

                    Plaintiff,

       - against -

MEDITERRANEAN SHIPPING COMPANY S.A.

                                          **ANSWER TO**
                                          **COMPLAINT**

                    Defendant.
-------------------------------------------------------------------x

       Defendant MEDITERRANEAN SHIPPING COMPANY, S.A., ("MSC" or

"Defendant"), by its attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, alleges

upon information and belief as follows:

       1.      Admits that this is an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure and that jurisdiction is predicated upon 28 U.S.C. §

1333.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Complaint.

       3.      Admits that MSC, at all material times, was and still is a corporation duly

organized and existing under and by virtue of the laws of a foreign country, and was engaged in

business as a common carrier by water for hire and was the time charterer of the MSC ILONA, a

vessel engaged in the common carriage of merchandise by water for hire, among others, the ports of Tanga, Tanzania and Long Beach, California, but except as so specifically admitted, denies the remaining allegations in paragraph 3 of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.     Admits that a shipment said to contain flower seeds, contained in a container numbered MSCU1550902 was transported from the port of Tanga to the port of Long Beach, pursuant to a bill of lading issued by MSC, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Admits that MSC delivered the shipment at Long Beach, on or about April 10, 2007, but except as so specifically admitted, denies the remaining allegations in paragraph 7 of the Complaint.

8.     Denies the allegations contained in paragraph 8 of the Complaint.

9.     Denies the allegations contained in paragraph 9 of the Complaint.

10.    Denies the allegations contained in paragraph 10 of the Complaint

## FIRST AFFIRMATIVE DEFENSE

11.    The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12.    Plaintiff is not the real party in interest and is not entitled to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

13.    The shipment which is the subject of this suit was carried pursuant to the terms

and conditions of certain bills of lading and tariffs, by which the shippers, owners, consignees,

and holders of said bills of lading agreed to be bound, and was also subject to the United States

Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq.  ("COGSA"), and MSC claims the

benefits of all rights, immunities, exonerations, and limitations contained therein, and in

COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging,

act of shipper, inherent vice, etc.

### FOURTH AFFIRMATIVE DEFENSE

14.    The nature and valuation of the goods were not declared by the shippers before

the shipments and inserted in the bills of lading.  If plaintiff is entitled to any recovery, which is

denied, such recovery should be limited to $500 per "package" or "customary freight unit," in

accordance with the above quoted provisions of COGSA and MSC's bills of lading.

### FIFTH AFFIRMATIVE DEFENSE

15.    Due diligence was exercised on behalf of the carrier to make the vessel and its

appurtenances seaworthy, and to make the holds and all other parts of the ship in which the

goods were carried fit and safe for the reception, carriage and preservation of such shipments.

Any losses, injuries or damages alleged to have been suffered by the shipment was due to

neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach

of contract on the part of the plaintiff, shipper, its agents, or employees, or due to a cause or

causes for which this defendant is not liable or responsible by virtue of the provisions of

COGSA, or provisions of said bills of lading or tariff or other applicable provisions of contracts

of carriage or of law.

## SIXTH AFFIRMATIVE DEFENSE

16.    If any losses or damages were sustained by the shipments referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-parties, and not by defendant.

## SEVENTH AFFIRMATIVE DEFENSE

17.    Plaintiff failed to properly and fully mitigate its damages.


WHEREFORE, Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. respectively requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.


Dated: New York, New York
       February 20, 2008

LYONS & FLOOD, LLP
Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY S.A.

By: _____
       Edward P. Flood (EPF-5797)
       Lyons & Flood, LLP
       65 W 36th Street, 7th Floor
       New York, New York 10018
       (212) 594-2400


TO:    BADIAK & WILL, LLP
       106 Third Street
       Mineola, New York 11501
       Attn: Alfred J. Will, Esq.
       Firm Ref: 07-J-011-AW


U:\FLOODDOC\2549114\Pleadings\Answer.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On February 20, 2008, I served true copies of the Answer to Complaint upon:

> BADIAK & WILL, LLP
> 106 Third Street
> Mineola, New York 11501
> Attn: Alfred J. Will, Esq.

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: February 20, 2008

_Erika Tax_
Erika Tax

U:\FLOODDOC\2549114\Pleadings\Answer.doc