LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD.,

           Plaintiff,

- against -

MEDITERRANEAN SHIPPING COMPANY S.A.,

           Defendant,
-------------------------------------------------------------X

**ECF CASE**

08 Civ. 00223 (JSR)

**RULE 56.1 STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

      Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), by its attorneys Lyons & Flood, LLP, submits, pursuant to Rule 56.1 of this Court's Local Civil Rules, a Statement of Facts in support of its Motion for Summary Judgment.

      1.     Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC") is an ocean carrier and was at all relevant times the operator of the vessels M/V ROYAL ZANZIBAR, M/V MSC NAMIBIA, M/V MSC SILVANA, and M/V MSC ILONA. (Deconinck Aff. ¶ 2).

      2.     Environmental Seed Producers ("ESP") is distributor and producer of flower seeds. (Deconinck Aff. ¶ 3).

      3.     Maua Arusha Ltd. ("Maua") is a consolidator and exporter of goods in international trade. (Deconinck Aff. ¶ 4).

      4.     ESP contracted with MSC for the shipment of 648 bags of flower seeds from Tanga, Tanzania to Long Beach, California. (Deconinck Aff. ¶ 3).

5. MSC provided shipper Maua with a 20 foot long dry container (no. MSCU1550902) sometime in January of 2007 for the shipment of flower seeds. MSC did not receive any complaints from Maua regarding the condition of the subject container. (Deconinck Aff. ¶ 4).

6. Maua loaded the 648 bags of flower seeds into the container, locked it, and placed seals on the container doors. (Deconinck Aff. ¶ 4).

7. MSC issued bill of lading no. MSCUTA011430 on January 26, 2007, evidencing the shipment of the flower seeds. (Deconinck Aff. ¶ 5; Deconinck Aff. Ex. A).

8. Clause 17 of MSC's bill of lading states that "[i]f the shipper or his servant stuffs the container, the Merchant shall be responsible for the proper stowage and securing of the goods to insure ventilation and to avoid shifting." (Deconinck Aff. ¶ 5; Deconinck Aff. Ex. A).

9. The container was transported from Tanga, Tanzania to Long Beach, California aboard four different MSC vessels: the M/V MSC ROYAL ZANZIBAR, M/V MSC NAMIBIA, M/V MSC SILVANA, and M/V MSC ILONA. The container was stowed both below deck and on deck at various times during its seventy-five (75) day journey. (Deconinck Aff. ¶ 6).

10. On or about April 10, 2007, the M/V MSC ILONA arrived at Long Beach, California, carrying the subject container. The subject container was then trucked to ESP's facility in Lompoc, California. (Deconinck Aff. ¶ 7).

11. The shipment was received by ESP on April 10, 2007. (Jolly Aff. ¶ 4).

12. No container defects or damage was noted by ESP when receiving the container or unloading the cargo. (Jolly Aff. ¶ 4).

13. The ventilation slots were open when the container was delivered to ESP. (Flood Aff. Ex. A).

14. Upon discharge from the container, some of the cargo inside was found wet. (Jolly Aff. ¶ 5; Flood Aff. Ex. B).

15. Surveyors appearing on behalf of both parties performed a joint inspection of the cargo on April 13, 2007. (Jolly Aff. ¶ 3).

16. Test results for seawater contamination were negative, confirming fresh water wetting. (Jolly Aff. ¶ 5; Flood Aff. Ex. B).

17. ESP's surveyor noted that the majority of water damaged bags were along the walls of the container and at the rear doors. (Flood Aff. Ex. B).

18. Based upon the satisfactory condition of the container and the pattern of the wetting, it was apparent that the cargo damage was due to condensation sweat by the inherently organic cargo. (Jolly Aff. ¶¶ 7-8).

19. The condensation was the result of the subject cargo releasing, or sweating, its inherent moisture over the course of a lengthy ocean voyage. This condensation formed on the interior container panels and subsequently wet the bags pressed against the panels and rear door of the container. (Jolly Aff. ¶¶ 7-8).

20. MSC's surveyor also inspected the condition of the container following discharge. He found the container to be in satisfactory condition. (Jolly Aff. ¶ 6).

Dated: August 8, 2008

           LYONS & FLOOD, LLP
           Attorneys for Defendant
           MEDITERRANEAN SHIPPING
           COMPANY, S.A.

By: _____
           Edward P. Flood (EPF-5797)
           Michael A. Namikas
           65 West 36th Street, 7th Floor
           New York, New York 10018
           (212) 594-2400

U:\FLOODDOC\2549114\Motions\Motion for Summary Judgment\SOF - Summ Jud.doc