LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD.,

        Plaintiff,

- against -

MEDITERRANEAN SHIPPING COMPANY S.A.,

        Defendant,
-----------------------------------------------------------X

ECF CASE

08 Civ. 00223 (JSR)

**AFFIRMATION OF CAPTAIN ARUN JOLLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    CAPTAIN ARUN JOLLY affirms the following under the penalties of perjury under 28 USC § 1746:

    1.     I am a marine surveyor for Techno Marine Services, located in San Pedro, California. I have been a marine surveyor for over twenty (20) years. I have personal knowledge of the facts contained herein.

    2.     On April of 2007, I was appointed by MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC") to conduct a damage survey relating to a shipment of flower seeds shipped from Tanga, Tanzania to Long Beach, California aboard MSC vessels. The shipper's flower seeds were shipped in an MSC container numbered MSCU1550902. The receiver, Environmental Seed Producers ("ESP"), claimed that some of the cargo was wet.

3. On April 13, 2007, I attended a joint survey of the subject cargo on behalf of defendant MSC. Also in attendance were Dennis Berri of Vericlaim and Anita Laemoa of ESP.

4. At the survey, I was told by Mr. Joseph Apoliner of ESP that upon arrival on April 10, 2007 at ESP's facility, the container had no visible damage or defects at the time the cargo was unloaded.

5. Some of the bags of flower seeds were wet. Samples of the wet bags were tested with a silver nitrate solution for the presence of seawater. The test results were negative, confirming fresh water wetting as opposed to seawater contamination.

6. I also inspected the subject container and found its condition to be satisfactory.

7. Recognizing that the container was in good condition without any noted defects, the organic nature of the subject cargo, and the pattern of the wetting, it was apparent that the wetting was due to condensation.

8. The condensation was the result of the subject cargo releasing, or sweating, its inherent moisture over the course of a lengthy ocean voyage. This condensation formed on the interior container panels and subsequently wet the bags pressed against the panels and rear door of the container.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 7, 2008

Captain Arun Jolly

U:\FLOODDOC\2549114\Motions\Motion for Summary Judgment\Aff - Jolly.doc