EXHIBIT 6

LYONS & FLOOD, L LP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD

**08 Civ. 00223 (JSR)**

Plaintiff,

- against -

MEDITERRANEAN SHIPPING COMPANY S.A.


Defendant.
-------------------------------------------------------------x

### RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendant MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), through

its attorneys Lyons & Flood, LLP, hereby responds to Plaintiffs' First Set of Requests For

Production ("Requests"), upon information and belief as follows:

MSC has conducted a diligent search and reasonable inquiry in response to the

Requests. However, MSC has not completed its investigation of the facts related to this

case, has not completed discovery in this action, and has not completed its preparation for

any trial that might be held herein. Its responses to these Requests are based upon

information currently known to MSC and are given without prejudice to MSC's right to

supplement, add to, amend, or modify its responses to these Requests. Moreover, MSC

reserves the right to make use of, or introduce at any hearing or at trial, documents or

facts not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in this action.

Subject to and without waiving the foregoing Preliminary Statement, MSC makes the following General Objections to the Requests in their entirety, including each of plaintiffs' definitions, instructions, and individual requests contained therein:

## GENERAL OBJECTIONS

MSC makes the following General Objections, whether or not separately set forth in response to each and every request propounded by plaintiffs. The assertion of the same, similar, or additional objections or partial responses to plaintiffs' individual requests does not waive any of MSC's General Objections.

1.     MSC objects to the Requests to the extent that they seek information which is not relevant to the subject matter of this action in that it is neither admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence related to a claim or defense in this action.

2.     MSC objects to the Requests to the extent that they seek confidential or private business information, including, without limitation, trade secret information, personnel information, and/or competitively sensitive information.  MSC will not produce confidential or private business information except pursuant to an appropriate protective order to be entered in this action and any Court ordered modifications thereof.

3.     MSC objects to the Requests to the extent they seek information that is: (a) protected by the attorney-client privilege or prepared in anticipation of litigation or for trial, or that is otherwise subject to the attorney work product doctrine; and/or (b) protected by the right to privacy guaranteed by the United States Constitution; (c)

protected by the joint defense privilege, the common interest privilege, or similar privileges; and/or (d) protected by any other applicable privilege, doctrine or immunity.

4.    Any such information is defined to be "privileged." Any inadvertent disclosure of privileged information shall not be deemed to be a waiver by MSC of any applicable privileges or doctrines.

5.    MSC objects to the Requests to the extent that they attempt to impose on MSC any obligations or requirements that exceed, enlarge and/or alter those imposed by the Federal Rules of Civil Procedure.

6.    MSC objects to the Requests to the extent that they fail to comply with Rule 34 of the Federal Rules of Civil Procedure.

7.    MSC objects to the Requests to the extent that they are vague, ambiguous, misleading, uncertain, unintelligible, overly broad, fail to specifically describe the information sought, are not defined, seek information outside the scope of the instant lawsuit, and/or would require MSC to speculate as to the nature and scope of the documents sought.

8.    MSC objects to the Requests to the extent that they are unduly burdensome, compound and/or duplicative.

9.    MSC objects to the Requests to the extent that they call for discovery which will properly be the subject of discovery for which disclosure presently is both unwarranted and premature.

10.    MSC objects to the Requests to the extent that they purport to seek documents that are already in plaintiffs' possession, documents that are a matter of public record and/or documents that are otherwise equally accessible to plaintiffs.

11.     MSC objects to the Requests to the extent that they purport to impose on MSC the burden of ascertaining information that is not in MSC's possession, custody or control, and/or that cannot be found in the course of a reasonable search.

12.     MSC objects to the Requests to the extent that they call for organization of documents according to request.  MSC will produce documents as they are kept in the ordinary course of business.

13.     MSC objects to the Requests to the extent that they contain inappropriate and/or argumentative headings and sub-headings.

14.     MSC states these objections without waiving or intending to waive, but on the contrary preserving and intending to preserve: (a) all objections to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses to the Requests or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any grounds to the use of any response, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object on any grounds at any time to a demand for further response to these or any other discovery procedures involving or related to the subject matter of the Requests directed to MSC; and (d) the right to object on any grounds to any other or future discovery requests.

15.     Subject to and without waiving the General Objections and qualifications above, MSC further responds as follows:

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST NO. 1:**  All communications or notes of communications and all internal records, documents, correspondence, letters, memoranda, e-mails, reports, notes,

4

drafts, or other written materials concerning the shipment that is the subject matter of his litigation.

**RESPONSE:**  MSC objects to this request on the grounds that it is vague, overly broad, fails to specifically describe the information sought and would require MSC to speculate as to the nature and scope of the documents sought.  Subject to and without waiver of the foregoing, MSC produces the following document in addition to the documents produced as part of its Initial Disclosures:

> a.    E-mail Correspondence between Stefaan Deconinck of MSC and Adriana
>       Mrowczynska of MSC regarding letter from Badiak & Will LLP.

**REQUEST NO. 2:** All surveys, photographs, videotapes, diagrams or other materials depicting the shipment that is the subject matter of this litigation.

**RESPONSE:**  See the documents produced as part of MSC's Initial Disclosures.

**REQUEST NO. 3:** All written materials including but not limited to internal letters, memoranda, e-mails, reports, and/or drafts concerning the handling, packaging, storage and/or transport of the shipment that is the subject matter of this litigation.

**RESPONSE:**  MSC objects to this Request on the grounds that it is duplicative. MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial.  Subject to and without waiver of the foregoing, MSC produces the following:

> a.    MSC's Bay Plans for the Vessels at issue;

**REQUEST NO. 4:** All communications or notes of communications and all written materials exchanged by and between the parties concerning the shipment that is the subject matter of this litigation including but no limited to notes, drafts, reports,

letters, correspondence, e-mail messages, documents and/or records.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 5**: Any and all agreements including drafts entered into by and between the parties concerning the shipment that is the subject of this litigation, along with any notes, memoranda, documents, correspondence, e-mails and any other written materials referencing or pertaining to this agreement.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures.

**REQUEST NO. 6**: Any and all communications or notes of communications, correspondence, memoranda, e-mails, reports, documents or other written materials exchanged by and between defendant MEDITERRANEAN SHIPPING COMPANY, S.A. and third parties concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. Subject to and without waiver of the foregoing, MSC produces the following:

    a.      Email from Dominick Mecky to Capt. Nanik Kirpalani.

**REQUEST NO. 7**: Defendant MEDITERRANEAN SHIPPING COMPANY, S.A.'s entire file pertaining to plaintiff's claim and the shipment which is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC

continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial.  If we receive such documents, we will remit them in due course.

**REQUEST NO. 8**: Any and all interchange receipts, transit receipts and/or related documents concerning or pertaining to the shipment that is the subject matter of this litigation.

**RESPONSE**: See the documents produced as part of MSC's Initial Disclosures. Subject to and without waiver of the foregoing, MSC also produces the following:

    a.       MSC's Gate Transaction Inquiry.

**REQUEST NO. 9**: Any and all documents or other written materials, including, but not limited to internal letters, notes, drafts, memoranda, correspondence, e-mails and/or reports concerning the transport of the shipment that is the subject matter of this litigation to and from the terminals of lading and discharge.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures

**REQUEST NO. 10**: Any and all delivery receipts concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: See Response to Request No. 8 above.

**REQUEST NO. 11**:  Any and all copies, including drafts, of all storage plans concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: See Response to Request No. 3 above.

**REQUEST NO. 12**: Any and all bills of lading including front and reverse sides, concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: See MSC's Bill of Lading attached hereto.

**REQUEST NO. 13**: Any and all internal reports, including drafts and notes, concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 14**: Any and all documents, correspondence and/or other written materials, including e-mails, notifying the defendant of any damage and/or claims concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. Subject to and without waiver of the foregoing, MSC produces the following documents in addition to documents contained in its Initial Disclosures:

    a.      E-mail from MSC to Badiak & Will LLP dated December 11, 2007.

    b.      Letter from Badiak & Will LLP to MSC dated November 30, 2007.

    c.      Letter from MSC to Badiak & Will LLP dated October 25, 2007.

    d.      Letter from Badiak & Will LLP to MSC dated October 18, 2007

MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 15**: Any and all correspondence, documents and/or written materials, including e-mails, exchanged by and between the parties pertaining to the

shipping arrangements concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 16**: Any and all documents, correspondence and/or other written materials, including e-mails exchanged by and between the defendant MEDITERRANEAN SHIPPING COMPANY S.A., and third-parties pertaining to the shipping arrangements concerning the shipment that is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 17**: Any and all documents, memoranda, notes, drafts, reports, correspondence, e-mails, and/or other documents pertaining to the loading and discharge of the shipment that is the subject matter of this litigation.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right

to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 18: Any and all log books concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 19: Any and all agreements, including drafts and/or proposals, entered into by and between the defendant MEDITERRANEAN SHIPPING COMPANY, S.A., and third parties concerning the shipment that is the subject matter of this litigation.

RESPONSE: See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 20: All Shipper's Letters of Instructions, including front and reverse sides.

RESPONSE: See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 21: Any and all records relating to the receipt by defendant of the subject cargo.

**RESPONSE**: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and in Response to this Request for Production of Documents and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 22**: Any and all documents showing exceptions, if any, concerning the order and condition of the cargo described in the Complaint prior to or upon loading on the vessel.

**RESPONSE**: See documents produced as part of MSC's Initial Disclosures.

**REQUEST NO. 23**: Any and all statements made by any party concerning the shipment which is the subject matter of this litigation.

**RESPONSE**: See documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

**REQUEST NO. 24**: Any and all statements made by any person, firm or entity or witness concerning the shipment which is the subject matter of this litigation.

**RESPONSE**: See documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

Dated:  July 21, 2008

LYONS & FLOOD, LLP
Attorneys for Defendant
MEDITERRANEAN SHIPPING
COMPANY, S.A.

By:

Edward P. Flood (EPF-5797)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\FLOODDOC\2549114\Pleadings\Resp - Doc Request.doc

## CERTIFICATE OF SERVICE

Edward P. Flood, an attorney duly admitted to practice before this Honorable

Court, affirms on this 21st day of July 2008, I served true copies of the foregoing, by

Federal Express, to:

> BADIAK & WILL, LLP
> Attorney for Plaintiff
> 106 Third Street
> Mineola, New York 11501
> Attn: Alfred J. Will, Esq.
> Firm Ref: 07-J-011-AW

Edward P. Flood

U:\FLOODDOC\2549114\Pleadings\Resp - Doc Request.doc

A MROWCZYNSKA USNYC CLAIMS

| | |
|---|---|
| From: | S DECONINCK CHGVA LEGAL [sdeconinck@mscgva.ch] |
| Sent: | Monday, December 10, 2007 8:53 AM |
| To: | A MROWCZYNSKA USNYC CLAIMS |
| Cc: | Cargo Claims DL |
| Subject: | RE: GVA 2007-5152-561-2/MSC NY REF T-2382/ROYAL ZANZIBAR 56A/MSCUTA 011091/MSC BEACH |

| | |
|---|---|
| Follow Up Flag: | Follow up |
| Flag Status: | Red |

Dear Adriana,

During our review of the file relative to the captioned matter, we noticed that our surveyor, to be in good condition, concluded that the shipment was affected by condensation resulting f contained in the different varieties of flower seeds.

The above conclusion is supported by the statement of the consignee who found a majority of w walls and on the top tiers.

MSC, as carrier under FCL/FCL terms, cannot be held responsible for condensation damages and but to reject this claim in full.

Please inform Badiak & Will accordingly.

Thanks and best regards,

Stefaan Deconinck
Legal Department
MSC Geneva
Ph.: ++41 22 703 85 17
Fax: ++41 22 703 87 10
P  Please consider your environmental responsibility before printing this e-mail

-----Original Message-----
From: A MROWCZYNSKA USNYC CLAIMS
Sent: jeudi 6 décembre 2007 15:09
To: S DECONINCK CHGVA LEGAL
Cc: Cargo Claims DL
Subject: GVA 2007-5152-561-2/MSC NY REF T-2382/ROYAL ZANZIBAR 56A/MSCUTA 011091/MSCU 1550902/

Dear Stefaan,
Attached please find a letter from Badiak & Will LLP asking for a settlement proposal. Please

Best Regards,

Adriana Mrowczynska
MSC USA Inc.
As Agents for: Mediterranean Shipping Company S.A. Geneva 420 Fifth Avenue New York, NY 10018
Ph: 212-764-4800 Ext. 42667
Fax: 212-764-1352
amrowczynska@msc.us

POL.: JED

BAY (38)39

VOY NO: L706A

MSC SILVANA



BAY (06)07
VOY NO : 771A

POL : DAR

MSC NAMIBIA

BAY (50)51

VOY NO : O710A

POL : NGB

MSC ILONA

500782: Non-Haz Activated Carbon

<u>Edward P. Flood</u>

| | |
|---|---|
| **From:** | "DOMINICK MECKY" <mgr-tgt@kaributanga.com> |
| **To:** | "N KIRPALANI USNYC CLAIMS MGR" <NKIRPALANI@MSC.US>; "seatrade tanga, branch mgr, mr dominick mecky" <mgr-tgt@msctzdar.com> |
| **Cc:** | "S DECONINCK CHGVA LEGAL" <sdeconinck@mscgva.ch>; "S DECARROUX CHGVA LEGAL" <sdecarroux@mscgva.ch>; <eflood@lyons-flood.com>; "M WACLAWEK USNYC CLAIMS ASST MGR" <MWACLAWEK@MSC.US>; "A MROWCZYNSKA USNYC CLAIMS" <amrowczynska@MSC.US> |
| **Sent:** | Thursday, May 08, 2008 3:05 AM |
| **Subject:** | Re: GVA 2007-5152-561-2 / T-2382 - MSC Federica B710A - MSC Ilona 0710A - B/L MSCUTA 011091 - MCCU 1550902 648 Bags of Flower Seeds - Loaded Tanga, Tanzania January 26, 2007 for discharge at Long Beach, CA. USA. |

Dear Capt. Nanik Kirpalani,

We have made a follow up regarding this matter. Please, note the following:
- Empty containers were released to shipper when containers were clean and
  all vents were open. Therefore, Cellophane Tape was applied by Shippers themselves.
- Generally when containers are sent to shipper, vents are open. Shippers decide whether
  to leave them open or close.
- Vents are generally not checked when containers arrive at terminal for shipping.

This shipment was an FCL/FCL and cargo was stuffed in Arusha by shipper under
customs supervision.


Thank you and best regards,
Dominick Mecky,


----- Original Message -----
From: N KIRPALANI USNYC CLAIMS MGR
To: seatrade tanga, branch mgr, mr dominick mecky
Cc: S DECONINCK CHGVA LEGAL ; S DECARROUX CHGVA LEGAL ; eflood@lyons-flood.com ; M WACLAWEK USNYC CLAIMS ASST MGR ; A MROWCZYNSKA USNYC CLAIMS
Sent: Wednesday, April 30, 2008 11:25 PM
Subject: GVA 2007-5152-561-2 / T-2382 - MSC Federica B710A - MSC Ilona 0710A - B/L MSCUTA 011091 - MCCU 1550902 648 Bags of Flower Seeds - Loaded Tanga, Tanzania January 26, 2007 for discharge at Long Beach, CA. USA.


Dear Mr. Dominick Mecky,

Good morning.

The cargo in the captioned container arrived at destination with considerable 'Mould' and 'Condensation'.

Evidently the 'Vents' on the container were 'Mostly Taped with Cellophane Tape' Please see attached photographs.

Mainsail™ Online



BOYD HAREN
MEDITERRANEAN SHIPPING COMPANY

Page 1 of 2

o Home    o Logout    o My Profile    o Contact    o Help

Terminal A

**Gate Transaction Inquiry**

Equipment #:

Advanced Equipment Inquiry

Booking #:

Advanced Booking Inquiry

Export Transactions
Import Transactions

- Gate Transactions
  - Gate Transaction Inquiry
- Equipment
- Reports
- Vessel Schedule
- Truckers

**Search Criteria**

| Date | Trans. Nbr. |
|------|------|
| 04/10/2007 | 158 |

**Search Results**

| Transaction | Transaction Number | 158 |
|------|------|------|
| Task | FULLOUT |
| Category | I |
| Status | F |
| Override Gate Edits | |
| Vehicle | 9D30460CA |

Search

| Transaction Number | Task | Trans. Status | Container | Chassis | Service Order | Trucker Lic. | Tractor Lic. |
|------|------|------|------|------|------|------|------|
| 158 | FULLOUT | | MSCU1550902 | MSC22080- | 1325904 | MSI | 9D30460C, |

**Container Details**

| Transaction Status | EIR |
|------|------|
| Container | MSCU1550902 | Direction | O |
| Service Order | 1325904 | Line | MSC |
| Vessel | 9225641 | Online/Batch | O |
| Container ISO Code | | Voyage | 0710A |
| Container Position | F223 | Carrier | MSI |
| Container Safe | | Visit | 04/10/07 01:21:13 |
| Weight | 20.3 | | |
| Commodity Code | | Container Owner | MSC |
| Special Stow | | Service Order Line | MSC |
| Temp. Setting | | Voyage | 0710A |
| | | Container Damage | |
| | | Overdimension | O |
| | | Seals | |
| | | Hazardous | |
| | | Vent Observed/UOM | |
| | | Temp. Reading | |

Mainsail™ Online

Dray Status
FTZ Doc
Decked
Created                        04/10/2007 01:21

Tax Code
Prechecked                     04/10/2007 01:21
Outgated                       10-APR-07
Changed                        04/10/2007 02:01

┌─ Chassis & Accessories ─
Chassis
Chassis ISO Code               MSCZ208043
Chassis Position
Genset

Chassis Owner                  MSC
Chassis Damage
Fill Direction
Cooling Unit                    W

┌─ Weight Details ─
Scale Weight
Chassis Weight        2.9
Cooling Unit Weight

Tractor Weight
Genset Weight
Net Weight

Page 2 of 2

4/10/2007

| IS IT PORT-TO-PORT SHIPMENT? (Fill-in Boxes 7 & 8) Tick -> | COMBINED TRANSPORT SHIPMENT? (Fill-in Boxes 5, 6, 9 & 10) Tick -> | N° of original BoL (number & words) 3/THREE | N° of BoL Rider Pages (number & words) NIL |
|---|---|---|---|

**(1) SHIPPER: (Full details)**

MAUA & RUSHA LTD
P.O.BOX 15002,
TEL: (00.255) (0) 754 273560
ARUSHA, TANZANIA

**(2).CONSIGNEE: (Not Negotiable unless «To Order of ...»)**

ENVIROMENTAR SEEDS PRODUCERS
W OLIVE AVE LOMPOC CA.US.1851,93436
C/O RODGER SEEDS LTD M TYLER
917333618.USA.151, 93436, 1800

ORIGINAL

**(3) NOTIFY: (No responsibility shall attach to Carrier or to his Agent for failure to notify)**

EXPEDITOR INTERNATIONAL KEN SAUE W. CENTURY
BLVD 6TH FLOOR
LOS ANGELES CA.U.S.A 5200, 90045

**(4) SPACE FOR CARRIER'S AGENTS ENDORSEMENTS (FCL/FCL, SLSC)**

FCL/FCL
LINER IN FREE OUT

Z 978

| (5) PRE-CARRIED BY: (Combined Transport only) XXXXXXXXXXXXXXXXXX | (6) PLACE OF RECEIPT: (Combined Transport only) XXXXXXXXXXXXXXXXXX |
|---|---|
| (7) PORT OF LOADING: TANGA | (8) PORT OF DISCHARGE: LONG BEACH |
| (9) PLACE OF DELIVERY: (Comb. Trans. only) XXXXXXXXXXXXXX | (10) MODE OF ON CARRIAGE: (Comb. Trans. only) XXXXXXXXXXXXXX |
| (11) VESSEL & VOY N ROYAL ZANZIBAR 556R | (12) AGENTS AT PORT OF DISCHARGE / DELIVERY: |

RECEIVED MAR 2 9 2007

**(14) CARRIER'S RECEIPT (Continued on attached Bill of Lading Rider page(s) if applicable**

(13) All details shown in Box 13 are furnished by the Shippers, being their Memoranda, Quantity, Condition, Contents and all other information shown in Box 13 are unknown to the Carrier, who has no means to verify their correctness and does not acknowledge them. The statements of the Shippers in Box 13 do not engage the Carrier contractually or in any other manner.

| Identity Marks of Conti. or other packages and seal number(s) | Corresp. number (of conti.) or other packgs | Total n° of conti. or other packgs received or other packgs | HS Code | Cargo Description (Continued on attached Bill of Lading Rider page(s), if applicable | Cargo Gross weight | Measurement |
|---|---|---|---|---|---|---|
| MSCU1330002/20'FV TARE 2200 KG Seal:7760518/Carriers seal | | 1 | | 1x 20' CNTR(S) S.T.C. 648 BAGS OF FLOWER SEEDS 648 BAGS | 15969.000 KG | |
| | | | | SHIPPED ON BOARD | | |
| | | | | AS DECLARED BY SHIPPER CLEAN ON BOARD | | |
| TOTAL TARE: 2200.00 KG | | | | | TOTALS 15969.000 KG | |

**(15) FREIGHT & CHARGES («PAYABLE» signifies INTENTION. Cargo shall not be delivered unless Freight & Charges are paid)**

| Specification of Freight & Charges | Basis | Rate | PAYABLE at | | |
|---|---|---|---|---|---|
| | | | POL | POD | ELSEWHERE |
| FREIGHT PAYABLE AT DESTINATION | | | | | |

Ad Valorem charges

Declared value:     TOTAL FREIGHT & CHARGES

IN ACCEPTING this BoL the Merchant expressly agrees to be bound by all the terms, conditions, limitations and exceptions, whether printed, stamped or written hereon and on Page 1, and in particular agrees that the Carrier shall have the right, at his sole discretion, to stuff cargo in containers and to carry on deck containers of all kinds including trailers, tanks, flats, canvas tops, panels, vehicles and boats or similar articles used to consolidate goods. RECEIVED FOR SHIPMENT in apparent external good order and condition the containers, packages, units (leaving the marks and/or numbers shown in Box 14, said to contain the quantity of goods, weights and measurements stated by Shippers in Box 13, which particulars the Carrier has neither checked nor verified. IN WITNESS whereof, the no. of Original Bills of Lading shown at the top right corner of this contract have been signed. If this is a negotiable (to Order) BoL, the goods will only be delivered if one original BoL, properly endorsed by the Shippers and/or by the Bank(s) concerned until only by the Notify Party), is surrendered, the others to be nonetheless null and void.

| PLACE AND DATE OF ISSUE 2 6 JAN 2007 | SHIPPED ON BOARD 2 6 JAN 2007 | SIGNED ON BEHALF OF THE MASTER |
|---|---|---|

## A MROWCZYNSKA USNYC CLAIMS

---

**From:**    A MROWCZYNSKA USNYC CLAIMS
**Sent:**    Tuesday, December 11, 2007 12:32 PM
**To:**      'ADMIRALAW@AOL.COM'; 'akatz@badiakwill.com'
**Cc:**      Cargo Claims DL
**Subject:** RE: MSC Claim # T-2382/ B/L MSCUTA011430; MSCUTA011091; Our Ref: 07-J-011-AW

Dear Mr. Will and Mr. Katz,

Reference subject matter, our Principals has reviewed the claim documents and has following comments:
"During our review of the file relative to the captioned matter, we noticed that our surveyor, having found the container to be in good condition, concluded that the shipment was affected by condensation resulting from inherent moisture contained in the different varieties of flower seeds.

The above conclusion is supported by the statement of the consignee who found a majority of wet bags along the container walls and on the top tiers.

MSC, as carrier under FCL/FCL terms, cannot be held responsible for condensation damages and hence has no other choice but to reject this claim in full."

In view of the above MSC must reject all liability on this matter.

Best Regards,

Adriana Mrowczynska
MSC USA Inc.
As Agents for: Mediterranean Shipping Company S.A. Geneva
420 Fifth Avenue
New York, NY 10018
Cargo Claims Department
Ph: 212-764-4800 Ext. 42667
Fax: 212-764-1352
amrowczynska@msc.us

---

**From:** A MROWCZYNSKA USNYC CLAIMS
**Sent:** Monday, December 03, 2007 12:07 PM
**To:** 'Alan Katz'
**Cc:** Cargo Claims DL
**Subject:** RE: MSC Claim # T-2382/ B/L MSCUTA011430; MSCUTA011091; Our Ref: 07-J-011-AW

Dear Mr.

Best Regards,

Adriana Mrowczynska
MSC USA Inc.
As Agents for: Mediterranean Shipping Company S.A. Geneva
420 Fifth Avenue

# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

106 THIRD STREET
MINEOLA, NY 11501-4404

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

November 30, 2007

Mediterranean Shipping Company (USA) Inc.
420 Fifth Avenue, 8th Floor
New York, New York 10018-2702

RE:    "MSC ILONA" v. 0701A
       Your Ref.: T2382
       Our Ref.: 07-J-011-AW

Gentlemen:

Enclosed please find a copy of our letter dated October 18, 2007, your reference T2382.

At this time, we would appreciate your making this settlement proposal with respect to this loss. Thank you for your prompt attention to this matter.

Very truly yours,

BADIAK & WILL, LLP

ALFRED J. WILL

AJW/kl

# MEDITERRANEAN SHIPPING COMPANY (USA) INC.

420 Fifth Avenue, New York, NY 10018-2702
Phone (212) 764 - 4800  Fax (212) 764 – 1352

Mediterranean Shipping Company S.A.                          October25, 2007
40, Avenue Eugene Pittard
1206 Geneva, Switzerland
Attn.: Legal and Claims Dept.  –

Ref: GVA 2007-5152-561-2
Vessel: ROYAL ZANZIBAR 56A
BL: MSCUTA011430
Ctr.: MSCU 1550902
Cargo description: Flower Seeds
Pol: Tanga
Pod: Long Beach
Date of Discharge: 04-05-07
Claim Amount: USD $2,500.00

## MSC File Ref: T-2382

Good day,
Enclosed please find documentation for subject claim. By copy of this letter, we are
acknowledging receipt of the claim.

Kind regards
Cargo Claims Dept.
Mediterranean Shipping Company (USA) INC
As Agents for: Mediterranean Shipping Company S.A. Geneva
Phone: 212-764-4800
Fax:    212-764-1352
Email: cargoclaims@msc.us


C.c. Claimant :    Badiak& Will, LLP
                   106 Third Street
                   Mineola, NY 11501-4404

# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404
——————
TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

JOHN D. KALLEN



Cargo Claims Department                                          October 18, 2007
Mediterranean Shipping Company (USA) Inc.
420 Fifth Avenue, 8th Floor
New York, New York 10018-2702

### *Our Ref.: 07-J-011-AW*

Dear Sir or Madam:

    We have been retained by Liberty International Underwriters to effect recovery of the following claim and are enclosing the documents listed below. A shipment of flower seeds was exposed to freshwater during carriage. Please note that the claim amount includes the assured's $2,500.00 deductible. Your prompt investigation and payment of this claim would be appreciated.

B/L #'s: MSCUTA011430, 1/26/07; MSCUTA011091
VESSELS: ROYAL ZANZIBAR; MSC ILONA
ORIGIN: Tanga, Tanzania          DISCHARGE: Long Beach, California
SHIPPER: Maua Arusha, Ltd.       CONSIGNEE: Enveromentar Seeds Producers
SHIPMENT: Flower Seeds

Damage and Loss:                 =          $69,825.75

Very truly yours,
BADIAK & WILL, LLP

Alan Katz
Claims Handler

Encl.
Subrogation Receipt
Bodger Seeds Claim Statement
Original Bill of Lading
Arrival Notice
Product Invoice
Packing List
U.S. Customs Entry Form
Certificate of Origin
Freshwater Contamination Analysis by A.J. Edmond Company
Vericlaim Marine Cargo Survey Report