UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LIBERTY MUTUAL GROUP, INC.,
As subrogee of BODGER SEEDS, LTD.,

                    Plaintiff,                          08 CV 00223 (JSR)

        - against -                                     **ECF CASE**

MEDITERRANEAN SHIPPING                                  **AFFIDAVIT IN OPPOSITION**
COMPANY, S.A.,                                          **TO MSC'S MOTION FOR**
                                                        **SUMMARY JUDGMENT**
                    Defendant.

-------------------------------------------------------X

STATE OF NEW YORK      )
                       : SS.
COUNTY OF NASSAU       )

        ALFRED J. WILL, being duly sworn, deposes and says:

        1.  I am a member of the firm BADIAK & WILL, LLP, attorneys for Plaintiff herein.  Based

upon a review of the file maintained by my office, I am familiar with the facts and circumstances of

this matter.

        2.  I make this affidavit in opposition to defendant Mediterranean Shipping Company, S.A.'s

("MSC") motion for summary judgment.

        3.  In or about January 2007, Maua Arusha Ltd. ("Maua") exported a shipment of flower

seeds to Environmental Seed Producers ("ESP") located in  Lompoc, California, with an invoice

value of $63,688.13.  ("Shipment").  The importer of record was listed as Bodger Seeds, Ltd.

Annexed hereto as Exhibit 1 is the pertinent invoice evidencing the sale.

4. MSC contracted to carry the Shipment from Tanga, Tanzania to Long Beach, California under bill of lading number MSCUTA011430 dated January 26, 2007. Annexed hereto as Exhibit 2 is a true and accurate copy of the front of the applicable bill of lading.

5. The applicable bill of lading contains the notation "CLEAN ON BOARD." (Exhibit 2).

6. The applicable bill of lading indicates that only two vessels were involved in the shipment:

MSC ROYAL ZANZIBAR and MSC ILONA. (Exhibit 2).

7. The Shipment was carried in container number MSCU1550902 with *carrier's* seal number 1760518 and consisted of "648 bags of flower seeds." (Exhibit 2).

8. Annexed hereto as Exhibit 3 is the survey of Plaintiff's surveyor, Dennis Berri of Vericlaim ("Berri Survey"). Mr. Berri believed that the container was initially loaded aboard the ROYAL ZANIBAR in Tanga, Tanzania and later transloaded, at an unknown date, aboard the ILONA. (See Exhibit 3 at page 3).

9. There is no indication in Plaintiff's file that the subject container was carried or transloaded aboard any vessels other than the ROYAL ZANZIBAR and ILONA.

10. Annexed hereto as Exhibit 4 is the Affidavit of Dennis Berri sworn to on August 14, 2008 ("Berri. Aff."). Annexed as Exhibit 1 to the Berri Aff. is a true and accurate copy of the survey of the subject cargo from MSC's surveyor, Captain Arun K. Jolly of Techno Marine Services ("Jolly Survey").

11. As indicated by the reports from surveyors for both Plaintiff and MSC, upon receipt by the consignee, water damage to the seeds was noted. See Berri Survey at pages 1, 5-6, 7 and Jolly Survey at pages 3, 4, 5, 6.

2

12.  During discovery, Plaintiff requested in its document demand log books for the vessels involved in this shipment.  Defendant did not produce any of the requested log books.  Annexed hereto as Exhibit 5 is a true and accurate copy of MSC's Response to Plaintiffs' [sic] First Set of Requests for Production dated July 21, 2008. (See Response to Request No. 18).

13.  On July 21, 2008, my office sent a written request specifically demanding ventilation records in connection with the shipment of the flower seeds.  This request followed-up an earlier request for same.  To date, my office has never received the requested ventilation records.  Annexed hereto as Exhibit 6 is a true and accurate copy of the July 21, 2008 letter. (Portions of this letter have been redacted as they may, arguably, pertain to settlement discussions).

14.  Annexed hereto as Exhibit 7 is the Arrival Notice for the MSC ILONA indicating the vessel arrived at the port of Long Beach, California on April 4, 2007.

15.  Mr. Berri, Plaintiff's surveyor and a Marine Cargo Surveyor with extensive experience, disputes Captain Jolly's conclusion (as set forth in ¶¶ 7, 8 of his affidavit in support of MSC's summary judgment motion) that the water damage to the  flower seeds resulted from the subject cargo releasing or sweating due to excessive moisture because there is no independent Moisture Content Test, a test normally given to make such a determination, to support Captain Jolly's conclusion.  (Berri Aff. ¶¶ 9, 15).

16.  Mr. Berri also concludes that any condensation or sweating of the subject cargo was not due to excessive moisture in the flower seeds as contended, but resulted from the failure of MSC to properly care for the cargo while in its possession.  (Berri Aff. ¶¶ 13, 14, 15).  For example, the unusually lengthy 75 day voyage combined with the facts that the container 1) was transloaded aboard 4 different vessels and 2) was carried to 4 different locales and ports of call before ultimately

3

being delivered to Long Beach, California as agreed in the bill of lading exposed the container to various environmental factors and changes in temperature, weather and humidity which could have very likely caused the damages sustained by the flower seeds.  (Berri Aff. ¶¶ 13, 15).

17.  Mr. Berri also attests to the fact that normal sweating of organic cargoes, such as the flower seeds here, would not have caused the extensive damage sustained by the subject cargo. (Berri Aff. [Exh. 4 annexed hereto] at ¶ 10).

18.  A total of 636 bags of flower seeds were damaged, leaving only 12 sound.  (Berri Survey [Exhibit 3 annexed hereto] at page 8).

_____
ALFRED J. WILL

Sworn to before me this
18 th day of August, 2008

_____
NOTARY PUBLIC

LISA A. SCOGNAMILLO
Notary Public, State of New York
No. 5011463
Qualified in Nassau County
Commission Expires Apr 19, 19  20 11

4

EXHIBIT 1



Maua Arusha Ltd.
P.O. Box 15002
Arusha Tanzania
E-mail: maua_arusha@yahoo.com
Mobile: (00 255) (0) 754 27 35 69
Managing Director:
Msc. Agric Angelina Dimitrova Mbaga



TANZANIA CUSTOMS
RECEIVED
09 JAN 2007
P.O. Box 108
ARUSHA

000034

**TAX INVOICE**

To: Environmental Seeds Producers
1851 W. Olive Ave.
Lompoc
CA 93436
United States of America

Importer of Record: Bodger seeds Ltd.
1800 N. Tyler Ave.
S. El. Monte, CA 91733-3618
United States of America

Clearing and Forwarding:
Expeditors International
Ken Sakaue
5200 W. Century Blvd. 5th floor
Los Angeles, CA 90045
United States of America

| INVOICE NR.48 | DATE: 3/01/2007 | | | |
|---|---|---|---|---|
| | | TIN:101-466-353 VRN:11-012237-F | | |
| ITEM NUMBER | ITEM DESCRIPTION | QTY IN KILO | UNIT PRICE IN USD | TOTAL AMOUNT IN USD |
| 19023 | Tropaeolum Maj. Scarlet Gleam | 500.00 | 3.78 | 1,890.00 |
| 19135 | Zinnia El. Tetra State Fair Mix | 121.00 | 8.00 | 968.00 |
| 17948 | Tagetes Pat. Brocade Mixed | 30.00 | 6.00 | 180.00 |
| 19028 | Zinnia El. Dahliafl. Canary Bird | 80.00 | 8.00 | 640.00 |
| 17947 | Tagetes pat. Nana Petite yellow | 49.00 | 7.00 | 343.00 |
| 19022 | Tropaeolum maj. Golden Gleam | 426.00 | 3.78 | 1,610.28 |
| 19025 | Tropaeolum Nanum Alaska Mix | 327.00 | 3.78 | 1,236.06 |
| 19015 | Tropaeolum Nanum Empress of India | 669.00 | 3.78 | 2,528.82 |
| 19027 | Tropaeolum maj. Cherry Rose | 193.50 | 3.78 | 731.43 |
| 19131 | Zinnia El. Willy Rogers | 79.00 | 8.00 | 632.00 |
| 19026 | Tropaeolum maj. Tall Sgl. Mixed | 641.00 | 3.78 | 2,422.98 |
| 19024 | Tropaeolum Maj. Glorius Gleam Mix | 242.00 | 3.78 | 914.76 |
| 19014 | Tropaeolum nanum Whirlybird Mix | 500.00 | 3.78 | 1,890.00 |
| 17939 | Thunbergia Alata Mix | 112.00 | 20.90 | 2,340.80 |
| 17950 | Tropaeolum Maj. Dwarf Jewell Mixed | 12,000.00 | 3.78 | 45,360.00 |
| | | | VAT 0% | |
| | | | TOTAL | 63,688.13 |
| TOTAL AMOUNT DUE: Sixty Three Thousand Six Hundred Eighty Eight and Thirteen Cts. Only | | | | |

Terms: Payment within 60 days after date of invoice. Payment to be made in Euro by Swift Transfer.
Maua Arusha Ltd., c/o CRDB Bank, Arusha Branch Arusha Tanzania, Acc.nr.121103406 6300, Swift Code: CORU TZTZ XXX

EXHIBIT 2

# MEDITERRANEAN SHIPPING COMPANY S.A. Geneva

ORIGINAL BILL OF LADING

| 1ST PORT-TO-PORT SHIPMENT? (Fill-in Boxes 7 & 8) Tick => | COMBINED TRANSPORT SHIPMENT? (Fill-in Boxes 5, 6, 9 & 10) Tick => |
|---|---|

(1) SHIPPER (Full details)

MAUA ARUSHA LTD
P.O.BOX 15001
TEL: (00255) (0) 754 273509
ARUSHA TANZANIA

(2) CONSIGNEE (Not Negotiable unless 'To Order of ....')

ENVIRONMENTAL REEDS PRODUCERS
W OLIVE AVE LOMPOC CA US 151-934136
C/O ROGUE SEEDS 1175 MTYLER
91733 AG18 USA 151 934136 1800

(3) NOTIFY (No responsibility shall attach to Carrier or to his Agent for failure to notify)

EXPEDITO INTERNATIONAL KEN SADEW CENTURY
BLVD 6TH FLOOR
LOS ANGELES CA US A1200 90045

(4) SPACE FOR CARRIER'S AGENTS ENDORSEMENTS (FCL/FCL, SLSC)

FCL/FCL
LINER IN/FREE OUT

| (5) PRE-CARRIAGE BY (Combined Transport only) | (6) PLACE OF RECEIPT (Combined Transport only) |
|---|---|

| (7) PORT OF LOADING: | (8) PORT OF DISCHARGE: |
|---|---|
| TANGA | LONG BEACH |

| (9) PLACE OF DELIVERY (Combined Transport only) | (10) MODE OF INITIAL CARRIAGE (Combined Trans. only) |
|---|---|

| (11) VESSEL & VOY: | (12) AGENT'S AT PORT OF DISCHARGE / DELIVERY |
|---|---|
| ROYAL ZANZIBAR VR35R | |

(14) CARRIER'S RECEIPT (Continued on attached Bill of Lading Rider page(s) if applicable)

| Identify Marks of Cont or other packages or units | Number or kind of packages received by the Carrier | Cargo Description (Continued on attached Bill of Lading Rider page(s) if applicable) | Cargo Gross Weight | Measurement |
|---|---|---|---|---|
| MSC U 338000 49 VW AR G 2200KG Seal 030933 / Carriers Seal | | 1X 20' CNTR(S) S.T.C. 648 BAGS OF FLOWER SEED 648 BAGS | 15000.000 KG | |
| | | | | |
| | | AS DECLARED BY SHIPPER CLEAN ON BOARD | | |
| | | TOTALS | 15000.000 KG | |
| TOTAL TARE: 2200.000KG | | | | |

(15) FREIGHT & CHARGES (PAYABLE) signifies INTENTION. Cargo shall not be delivered unless Freight & Charges are paid)

| Specification of Freight & Charges | Basis | Rate | POL | POD | ELSEWHERE |
|---|---|---|---|---|---|
| FREIGHT PAYABLE AT DESTINATION | | | | | |

| Ad valorem charges | | | | TOTAL FREIGHT & CHARGES | |
|---|---|---|---|---|---|
| Declared value: | | | | | |

| PLACE AND DATE OF ISSUE: 26 JAN 2007 | SHIPPED ON BOARD 26 JAN 2007 | SIGNED ON BEHALF OF THE MASTER |
|---|---|---|

RECEIVED MAR 29 2007

EXHIBIT 3



Providing claims services to the insurance industry since 1918
A member of VRS uni»verse
adjusters network LLC

700 South Flower Street - Suite
Los Angeles, California 9
Tel 213.943.
Toll Free 800.999.
Fax 213.943.

## MARINE CARGO SURVEY REPORT NO. LAX07288500/TMS/DWB

Examined For The Account Of Whom It May Concern

At The Request Of

Liberty International Underwriters
55 Water Street, 18th Floor
New York, NY 10041
**Your Reference No.: Bodger Seeds/
LIU #4NMAR-99016**

| | | | |
|---|---|---|---|
| RE: | Vessel | : | "MSC ILONA" V.0701A |
| | Arrival | : | Long Beach, California; on or about April 4, 2007 |
| | Bill of Lading No. | : | TANG/LONG BEACH; No. MSCUTA011430 |
| | Container No. | : | MSCU1550902 |
| | Shipment | | 648 Bags of Flower Seeds |
| | Assured | : | Environmental Seed Producers |
| | Policy No. | : | APPOMCSE018791006 |

## THIS IS TO CERTIFY THAT:

### BACKGROUND:

Survey was requested on April 13, 2007, by Fred Fernandez of Liberty International Underwriters.

At the time of assignment, no dollar amount of loss was provided to us. It was reported that the stated shipment had suffered water damage.

VeriClaim

## SHIPMENT PARTICULARS:

Shipment:        648 Bags of Flower Seeds, Weighing 15,969.5 Kilos:

| Item No. | Item Description | Qty in Kilo | Number Of Bags | Bag Number |
|---|---|---|---|---|
| 19023 | Tropaeleum Maj. Scarlet Gleam | 500.00 | 20 | 1-20 |
| 19135 | Zinnia El. Tetra State Fair Mix | 121.00 | 5 | 21-25 |
| 17948 | Tagetes Pat. Brocade Mix | 30.00 | 3 | 26-28 |
| 19028 | Zinnia El. Dahliafl.Canary Bird | 80.00 | 4 | 29-32 |
| 17947 | Tagetes Pat. Nana Petite Yellow | 49.00 | 4 | 33-36 |
| 19022 | Tropaeolum Maj. Golden Gleam | 426.00 | 17 | 37-53 |
| 19025 | Tropaeolum Nanum Alaska Mix | 327.00 | 13 | 54-66 |
| 19015 | Tropaeolum Nanum Empress of India | 669.00 | 29 | 67-95 |
| 19027 | Tropaeolum Maj. Cherry Rose | 193.50 | 8 | 96-103 |
| 19131 | Zinnia El. Willy Rogers | 79.00 | 4 | 104-107 |
| 19026 | Tropaeolum Maj. Tall Sgt. Mix | 641.00 | 26 | 108-133 |
| 19024 | Tropaeolum Maj. Glorious Gleam Mix | 242.00 | 10 | 134-43 |
| 19014 | Tropaeolum Nanum Whirly Bird Mix | 500.00 | 20 | 144-163 |
| 17939 | Thunbergia Alata Mix | 112.00 | 5 | 164-168 |
| 17950 | Tropaeolum Maj. Dwarf Jewell Mixed | 12,000.00 | 480 | 169-648 |

VeriClaim

SURVEY REPORT NO. LAX07288500/TMS/DWB    PAGE NO. 3

| | |
|---|---|
| **Invoice No:** | 48 dated January 3, 2007; US$63,688.13 basis for the entire shipment. |
| **Shipper:** | Maua Arusha Ltd. P.O. Box 15002 Arusha, Tanzania |
| **Consignee:** | Environmental Seed Producers 1851 West Olive Avenue Lompoc, CA 93436 |

## TRANSIT DETAILS:

The shipment was loaded onboard the M/V "ROYAL ZANZIBAR" V.56R on January 26, 2007, in the Port of Tanga, Tanzania and transported to Long Beach, arriving on April 4, 2007. The shipment had been transloaded onboard the M/V "MSC ILONA" V.0701A; however, we were unable to determine the port or date of the transload.

## EXCEPTIONS:

No exceptions were taken at the time of delivery.

## SURVEY / INVESTIGATION FINDINGS:

**Attendance Date and Location:**

- April 17, 2007 at Environmental Seed Producers, 1851 West Olive Avenue, Lompoc, CA 93436

**Parties in Attendance:**

- Capt. Arun Jolly, Techno Marine Services on behalf of Carrier's interests.

- Ms. Anita Laemoa of Environmental Seed Producers

- Dennis Berri, Senior Surveyor, Vericlaim, Inc., on behalf of Underwriter's interests.

SURVEY REPORT NO. LAX07288500/TMS/DWB   PAGE NO. 4

## NARRATIVE:

Subsequent to receiving this assignment, contact was made with the Ultimate Consignee and an appointment was arranged to complete a joint survey with the carrier's surveyor on April 17, 2007. Upon arrival at the Consignee's facility, we were escorted to the warehouse, where the shipment was being held, pending our arrival. At that time we found a total of 648 bags containing various types of flower seeds as seen in the attached **Photographs Numbered 1 through 24.** It was noted that the packaging utilized was polystyrene woven plastic bags, which were double sewn closed. No inner lining was utilized within the woven plastic bags. Initial examination of the bags showed signs of rust marks on the exterior of numerous bags, along with water staining. We also noted signs of water condensation within the shrink-wrap, which was holding the bags in place on wood pallets, where they were being stored on.

Initially, we noted a number of different types of style species and seeds to be included in those shipments. The following is a breakdown of the quantity of bags per species:

| Item No. | Item Description | Qty in Kilo | Number Of Bags |
|----------|------------------|-------------|----------------|
| 19023 | Tropaeleum Maj. Scarlet Gleam | 500.00 | 20 |
| 19135 | Zinnia El. Tetra State Fair Mix | 121.00 | 5 |
| 17948 | Tagetes Pat. Brocade Mix | 30.00 | 3 |
| 19028 | Zinnia El. Dahliafl.Canary Bird | 80.00 | 4 |
| 17947 | Tagetes Pat. Nana Petite Yellow | 49.00 | 4 |
| 19022 | Tropaeolum Maj. Golden Gleam | 426.00 | 17 |
| 19025 | Tropaeolum Nanum Alaska Mix | 327.00 | 13 |
| 19015 | Tropaeolum Nanum Empress of India | 669.00 | 29 |
| 19027 | Tropaeolum Maj. Cherry Rose | 193.50 | 8 |
| 19131 | Zinnia El. Willy Rogers | 79.00 | 4 |
| 19026 | Tropaeolum Maj. Tall Sgt. Mix | 641.00 | 26 |
| 19024 | Tropaeolum Maj. Glorious Gleam Mix | 242.00 | 10 |
| 19014 | Tropaeolum Nanum Whirly Bird Mix | 500.00 | 20 |
| 17939 | Thunbergia Alata Mix | 112.00 | 5 |
| 17950 | Tropaeolum Maj. Dwarf Jewell Mixed | 12,000.00 | 480 |

It was noted that there was actually only four (4) types of actual species; however, that the different item numbers are different colors and variations of those species. We therefore had the Consignee open up a random sampling of each type of seed in an effort to ascertain the condition of the seeds within the plastic bags. The first item examined was the Tropaeolum (Renuncula). Illustrations of the seeds, which were found in the sampling of those bags, can be seen in **Photographs Numbered 4 through 15, 17 and 18.** It was noted the seeds had experienced contact with moisture, causing the seeds to shrink and become a dark color, as well as bunching together and becoming moldy to varying degrees.

The second type of seeds examined consisted of the Zinnia. Illustrations of the condition of this particular seed and sampling examined can be seen in **Photograph No. 16.** No signs of obvious damage were noted to this particular seeds; however, the Consignee stated that the seeds did feel slightly wet to the touch and may have been affected.

The third type of seed, which was examined from the sampling, was from the Tropaeolum species. Illustrations of the condition of this species can be seen in **Photographs Numbered 19 and 20.** No signs of obvious damage were noted to the seed; however, once again the Consignee expressed concern as to the fact that the seeds felt slightly wet to the touch.

The fourth and last type of seed, which was sampled consisted of the Tagetes, which was also known as Black Lily. Illustrations of the condition of that seed can be seen in **Photographs Numbered 21 through 24.** Once again, we noted no signs of obvious damage to the seed; however, the Consignee was concerned that the seeds felt moist to the touch.

During our conversations with the Consignee, we inquired as to whether the contents of the bags can be skimmed with the portion of the seeds, which were obviously affected by moisture being removed with the balance of the shipment being utilized for its intended purpose. The Consignee stated the only way that they would be able to evaluate the condition of the seed would be to take a random sampling from good bags and bad bags and send them to a lab and have them tested for germination capabilities. Apparently, the laboratory uses chemicals to plant the seeds and observe the germination process to determine if the seeds were affected. The laboratory would then arrive at a percentage of the seeds, which they would consider to be non-usable, with the balance being acceptable. We therefore advised the Consignee that this should be undertaken in an effort to minimize the loss and to determine the actual extent of the damages.

Subsequent to our surveying the seeds in question, we were taken to the Consignee's office and provided with a CD of the photographs showing the condition of the load at the time of delivery. We noted that there was heavy rust stains and obvious signs of

water contact to numerous bags at the time of devanning. We also noted signs of a white residue supposedly caused due to the contact with moisture on the walls of the container. We inquired as to whether there was any obvious defects to the container at the time of delivery; at which time the Consignee advised us that they noted no signs of obvious defects; however, did comment that the majority of the wet bags were found along the walls of the container and at the rear doors.

During our conversations with Capt. Jolly, the surveyor for the carrier, we were advised that he did complete a survey of the container at the dock prior to it being loaded out onto another vessel. He further stated that the container, at the time of survey was fully loaded with an outbound load therefore, he was unable to visually examine the interior of the container. We were shown the photographs; however, he stated that he would be unable to release the photographs to us without the carrier's permission. We were provided with the name of the Claims Department and we will be contacting them in an effort to obtain copies of these photographs in question. We can state that our examination of the photographs we were being shown, showed no obvious signs of defects to the container.

Subsequent to our original survey, we have been advised by the laboratory that our sampling of the packaging proved negative, indicating that the wetting was caused by fresh water. We attached to this report a copy of the Laboratory Analysis from A.J. Edmond Company regarding the salinity of the sampling examined.

We also attached to this report a copy of the email correspondence between the Consignee and the carrier placing them on notice of claim.

We have also received the results of the laboratory tests of the seeds in question. The Consignee had dried and forwarded a sampling of the seed bags from each species to the lab for testing. The lab results showed that the Russl Minimum Germination Percentage Acceptable for the various seeds were either 60% to 65%, which varied by species. Subsequent to the test being completed, it appears that all but three (3) species type failed to meet the germination minimum qualifications. The balance of the shipment has been rejected by the Consignee.

The claim as presented by the Consignee is as follows:

| Item No. | Item Description | Qty. in Kilo | Unit Price In USD | Total Amount In USD |
|---|---|---|---|---|
| 19023 | Tropaeleum Maj. Scarlet Gleam | 500.00 | 3.78 | 1,890.00 |
| 17947 | Tagetes Pat. Nana Petite Yellow | 49.00 | 7.00 | 343.00 |
| 19022 | Tropaeolum Maj. Golden Gleam | 426.00 | 3.78 | 1,610.28 |



| 19025 | Tropaeolum Nanum Alaska Mix | 327.00 | 3.78 | 1,236.06 |
| 19015 | Tropaeolum Nanum Empress of India | 669.00 | 3.78 | 2,528.82 |
| 19027 | Tropaeolum Maj. Cherry Rose | 193.50 | 3.78 | 731.43 |
| 19131 | Zinnia El. Willy Rogers | 79.00 | 8.00 | 632.00 |
| 19026 | Tropaeolum Maj. Tall Sgt. Mix | 641.00 | 3.78 | 2,422.98 |
| 19024 | Tropaeolum Maj. Glorious Gleam Mix | 242.00 | 3.78 | 914.78 |
| 19014 | Tropaeolum Nanum Whirly Bird Mix | 500.00 | 3.78 | 1,890.00 |
| 17939 | Thunbergia Alata Mix | 112.00 | 20.90 | 2,340 |
| 17950 | Tropaeolum Maj. Dwarf Jewell Mixed | 12,000.00 | 3.78 | 45,360.00 |

Subsequent to receiving a Sales Authorization for the rejected portion of the shipment, the goods has been placed out for salvage bid. The highest bid being $1,176.00. The check has been forwarded to the Consignee made payable in that amount and should be taken into consideration should any adjustment be made to this claim.

## CAUSE OF DAMAGE:

Based on the documentation, the damages appear to have occurred during transit. Since we were unable to survey the empty container, we were unable to comment as to its condition, other than to state, we noted no obvious damages to it during our review of Capt. Jolly's photographs.

Based on the chloride tests completed by the laboratory, the wetting was due to contact with fresh water.

## DISPOSITION:

The rejected portion of the shipment has been placed out for salvage bid and sold for $1,176.00.

VeriClaim

SURVEY REPORT NO. LAX07288500/TMS/DWB    PAGE NO. 8

## A SUMMARY OF THE LOSS:

The extent of loss can be summarized as follows, subject to the terms and conditions of the policy of insurance:

|  |  |
|---|---|
| Bill of Lading No.: | MSCUTA011430 |
| Shipment: | Flower Seeds |
| Container No.: | MSCU1550902 |
| Invoice Value Quantity Sound: | $63,688.13 12 Bags |
| Quantity Damaged: | 636 Bags |
| Type of Damage: | Water damage |
| Disposition: | The rejected portion of the shipment salvaged for $1,176.00. |

## RECOVERY TABLE:

| 1. | |
|---|---|
| Name of Carrier: | Mediterranean Shipping Co. (USA), Inc. |
| Address: | 420 Fifth Avenue, 8th Floor New York, NY 10018 |
| Notified: | Yes, on April 10, 2007, by Consignee. |
| Response: | Joint survey completed with Steamship Line Surveyor |
| Delivery Documents: | Requested, but not received |
| Exceptions: | No exceptions taken |

There is a total of **39 Photographs** depicting the conditions of the shipment at the time of our survey has been previously submitted with our Preliminary Report.

All of our actions in this matter were without prejudice and subject to the terms and conditions of the policy of insurance.

VeriClaim

Dennis Berri
Senior Marine Surveyor

Los Angeles, California
August 9, 2007

DWB:vbl

EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LIBERTY MUTUAL GROUP, INC.,
As subrogee of BODGER SEEDS, LTD.,

                Plaintiff,

-    against    -

MEDITERRANEAN SHIPPING
COMPANY, S.A.,

                Defendant.

--------------------------------------------------------X

       08 CV 00223 (JSR)

       **ECF CASE**

       **AFF1DAVIT**

STATE OF CALIFORNIA      )
                           :SS

COUNTY OF LOS ANGELES    )

    DENNIS BERRI, being duly sworn, deposes and says:

    1) I am a Senior Marine Surveyor employed by Vericlaim continuously since 2000. I have been employed as a cargo surveyor continuously from 1984 to the present.

    2) On April 17, 2007, I attended a joint survey with Captain Arun Jolly, a surveyor appointed by Defendant Mediterranean Shipping Company, S.A. ("MSC"), to inspect a cargo of flower seeds carried by MSC from Tanzania to Long Beach California in or about January 26, 2007.

    3) I have reviewed the Affirmation of Captain Arun Jolly In Support of Motion for Summary Judgment executed on August 7, 2008 ("Jolly Aff.").

    4) I have also reviewed Captain Jolly's survey report and original color versions of the photographs attached to that report. Captain Jolly's survey with black and white photos is annexed hereto as Exhibit 1 and will be referred to herein as the "Jolly Survey."

5) The Jolly Aff. suggests that the water damage to the subject cargo was due to excessive moisture in the flower seeds and alleges(at ¶ 8) that the damage was caused by "condensation [which] was the result of the subject cargo releasing, or sweating, its inherent moisture over the course of the lengthy ocean voyage. This condensation formed on the interior container panels and subsequently wet the bags pressed against the panels and rear door of the container."

6) As discussed more fully below, a review of the Jolly survey reveals that Captain Jolly never actually viewed the bags of flower seeds while they were still in the container, nor did Captain Jolly ever view the inside of the container or completely inspect the exterior of the container. (Jolly Survey at pages 2-3).

7) The Jolly survey expressly states that he viewed the container on April 13, 2007, *after* the consignee unloaded the container and *after* the container had already been loaded with a subsequent unrelated cargo by another shipper and *already sealed.* (Jolly Survey at pages 2-3).

8) Thus, as indicated by Captain Jolly's own survey, he did not actually see "condensation formed on the interior container panels," or "bags pressed against the panes and rear door of the container." (Jolly Aff. ¶ 8).

9) A determination that a particular organic cargo was damaged by condensation and sweating as result of excessive inherent moisture requires a Moisture Content Test showing that the cargo in fact contained excessive moisture. There is no evidence that Captain Jolly's allegation is supported or based upon any such testing.

10) Some condensation and/or sweating is normal and expected with organic cargoes and would not cause the excessive damage sustained by the subject cargo here. Excessive condensation and/or sweating is very often caused by environmental factors such as changes in temperature and high humidity levels.

11) I have reviewed the Affirmation of Stefaan Deconinck In Support of Motion for Summary Judgment wherein MSC alleges the container was carried both above and below deck aboard four (4) different vessels over a 75-day period starting from 1) Tanga, Tanzania to Dar es

Salaam, Tanzania; 2) from Dar es Salaam, Tanzania to Jeddah, Saudi Arabia; 3) from Jeddah, Saudi Arabia to Ningbo, China; and, finally 4) from Ninbo, China to Long Beach California.

12) Organic cargoes, such as a shipment of flower seeds involved here, are usually delivered within a relatively short period of time and only transported over a period of a few weeks, at most.

13) Given 1) the number of times the container was transloaded; 2) the container's different storage locations and conditions on each of the four (4) vessels; 3) the many different ports of call the container entered; 4) and the unusually long 75 day journey, it is likely that the flower seeds here were subject to many changes in temperature, weather, humidity levels, storage conditions and other atmospheric and environmental factors, any one or all or a combination of which could have caused condensation on the flower seeds and/or caused the flower seeds to sweat as claimed by Captain Jolly.

14) Proper care and/or ventilation of the container during the lengthy voyage in the different environments and storage conditions could have prevented any condensation or sweat damage to the flower seeds as claimed by Captain Jolly.

15) In sum, if the cargo was damaged by excessive condensation and/or sweating, as claimed by MSC, such condensation and/or sweating was not caused by any inherent moisture of the flower seeds because there is no Moisture Content Test to support this conclusion. It is more likely that the water damage to the subject cargo was caused by the changes in environment, as discussed above, and as the container was transloaded aboard four (4) different vessels during an abnormally lengthy 75 day voyage via an unusual route from Tanzania to Long Beach, California, with several stops in between.

16) Captain Jolly also claims that he "inspected the subject container and found its condition to be satisfactory." (Jolly Aff. ¶ 6).

17) As discussed above, and as indicated by Captain Jolly's own survey (Jolly Survey at pages 2-3), Captain Jolly never inspected the *interior* of the container as the container was already loaded with another shipper's cargo and *sealed*. (Jolly Survey at pages 2-3).

18) Captain Jolly's examination of the exterior of the container was also incomplete. As indicated by the pictures annexed to the Jolly survey (the originals of which I reviewed in color), two other containers were stacked on top of the subject container, thus preventing Captain Jolly from inspecting the roof of the container. Also, other containers were packed closely on one side of the subject container, thus preventing Captain Jolly from inspecting that side of the container.

19) In fact, Captain Jolly's own survey expressly states that "The container was found to be in satisfactory condition *as from what could be seen.* We were only able to inspect the door panels, the front panels and right side panels." (Jolly Survey at page 3) (emphasis added).

20) I never examined the wet bags of flower seeds while they were in the subject container. Thus, I have no personal knowledge of the location of the wet bags of flower seeds while they were in the subject container.

21) I never examined the subject container and thus, have no personal knowledge about the condition of the subject container.

DENNIS BERRI
SENIOR MARINE SURVEYOR
VERICLAIM

Sworn to before me this
14th day of August, 2008

NOTARY PUBLIC

ARDESHIR TABRIZI
Commission # 1606638
Notary Public - California
Los Angeles County
My Comm. Expires Sep 15, 2009

**BERRI**

**EXHIBIT 1**

# Techno Marine Services
Marine Surveyors and Consultants

P.O. Box 1732
San Pedro, CA 90733-1732          ● Phone: 714-816-8735 ● Fax: 714-826-4080

SURVEY REPORT NO. 20 – 3338

THIS IS TO CERTIFY that the undersigned did at the request of Messrs. Mediterranean Shipping Company, Marine Claims Department, New York, attend investigation and inspection of the alleged wetting damage to the shipment and condition of the container and advise as follows:

We were advised that the consignee had informed MSC Lines that the shipment of flower seeds was received damaged by water.

| | |
|---|---|
| MSC REF.: | GVA 2007- 5152 – 561 - 2 / T - 2382 |
| VESSEL: | MSC ROYAL ZANZIBAR<br>Voyage 56A |
| LOADED AT: | TANGA, TANZANIA |
| DATE OF LOADING: | JANUARY 26, 2007 |
| ARRIVAL LONG BEACH: | APRIL 5, 2007 |
| BILL OF LADING: | MSCUTA011091<br>Dated January 26, 2007 |
| CONTAINER: | MSCU1550902 |
| SHIPMENT: | 648 BAGS FLOWER SEENDS |
| SHIPPER: | MAUA ARUSHA LTD.<br>ARUSHA, TANZANIA |
| CONSIGNEE: | ENVIRONMENTAL SEED PRODUCERS<br>1851 W. OLIVE AVENUE.<br>LOMPOC, CA 93436 |
| NATURE OF SURVEY: | CONSIGNEE REPORTED WETTING DAMAGE ON THE SHIPMENT RESULTING IN CLUMPING OF SEEDS, MOLD, DISCOLORATION AND DETERIORATION IN QUALITY. |
| SURVEY DATE: | APRIL 13 & 17, 2007 |

1

# Techno Marine Services
Marine Surveyors and Consultants

P.O. Box 1732
San Pedro, CA 90733-1732

● Phone: 714-816-8735 ● Fax: 714-826-4080

SURVEY REPORT NO. 20−3338

SURVEY LOCATION:

SSA TERINAL
PIER A STREET, LONG BEACH, CA

ENVIRONMENTAL SEEDS PRODUCERS W'HOUSE
1851 WEST OLIVE AVENUE
LOMPOC, CA 93426

SURVEY ATTENDED BY:

TECHNO MARINE SERVICES        CAPT. ARUN K. JOLLY

CONSIGNEE'S REPRESENTATIVE    MS. ANITA M. LAEMOA

MARINE UNDERWRITER SURVEYOR   MR. DENNIS BERRI

## SURVEYOR'S NOTES

On April 11, 2007 our office was advised by Mediterranean Shipping Lines, Marine Claims Department, New York, that the consignee had reported wetting damage on the shipment of Flower Seeds.

We immediately contacted the consignee, Environmental Seed Products, Ms. Anita M. Laemoa and were advised that the container was devanned on April 10, 2007 and returned to the terminal.

We then contacted the SSA Terminal and were advised that the container was sent out on the next deployment to load an out bound shipment.

SSA Terminal was requested to advise our office as soon as the loaded container was in gated into the terminal.

We also advised the consignee to contact their Insurance company Liberty Mutual in case they wish to hold a joint inspection.

April 13, 2007 we were advised by SSA Terminal that the container was in the terminal and was scheduled to be loaded onto the MSC Debra V. 713 for discharge port KHH.

Hence we proceeded to the terminal on April 13, 2007 at 1030 hours and inspected the loaded and sealed container. The container was found to be in satisfactory condition.

2

# Techno Marine Services
Marine Surveyors and Consultants

P.O. Box 1732
San Pedro, CA 90733-1732            ● Phone: 714-816-8735 ● Fax: 714-826-4080

SURVEY REPORT NO. 20 - 3338

Upon receiving the request by the marine underwriter surveyor to inspect the container on April 14, 2007 we contacted the terminal and were advised that the container had already been stowed on board the vessel and would not be available for a joint inspection here in Los Angeles.

On April 17, 2007 we proceeded to Environmental Seeds Producers in Lompoc CA and inspected the nature and extent of damage along with Mr. Dennis Berri, surveyor representing the marine underwriters of the shipment.

CONTAINER MSCU1550902

Type: 20 foot enclosed end loading with corrugated metal panels.

Date of Mfg.: 10/2002

Location: On the ground at the Pier A Street Terminal location C 149.

Seal: The container was sealed with seal number PCR LLC 0207050.

Condition: The container was found to be in satisfactory condition as from what could be seen. We were able to inspect the door panels, the front panels and the right side panels.

The door rubber gaskets were in good condition.

Two side vents on the right side panels in the front and door end were seen partially sealed with cellophane tape.

INSPECTION OF THE SHIPMENT ON APRIXL 17, 2007 ALONG WITH MR. DENNIS BERRI, SURVEYOR REPRESENTING THE MARINE UNDERWRITERS

At time of our inspection also present was Mr. Joe Apoliner, warehouse receiving personnel and Ms. Anita Laemoa.

According to Mr. Joe Apoliner, the shipment was devanned on April 10, 2007. There was no apparent visible damage to the container.

During devanning the shipment they noticed streaks of condensed beads of water along the side panels of the container, being more pronounced in the after half of the container.

The sides of the bags that were in contact with the condensed water inside the side panels, were wet and had rust stains.

3

# Techno Marine Services
Marine Surveyors and Consultants

P.O. Box 1732
San Pedro, CA 90733-1732          ☎ Phone: 714-816-8735 ☎ Fax: 714-826-4080

SURVEY REPORT NO. 20 - 3338

The top of the upper most tier of bags was also seen to be slightly damp to the touch.

We were advised that the bags were stowed to a height of approximately 5 feet and there was a 3 feet void under the roof panels.

The container was returned to the trucker the same day.

During our inspection we noticed some bags had wet stains along either one end or on the side.

The seeds in the wet stained bags were inspected. The stained portion of the bags was cut and the seeds directly adjacent to the wet stains were seen to be wet and discolored and moldy.

We inspected also seeds in bags that did not have any apparent visible wet stains. The seeds in these bags were found to be in satisfactory condition. The seeds were dry and there was no discoloration or shrinkage.

The shipment comprised of the following seed varieties:

| Item | Description | Qty Kg | Number Bags |
|------|-------------|--------|-------------|
| 19023 | Tropaeolum Maj. Scarlet Gleam | 500.00 | 20 |
| 19135 | Zinnia El. Tetra State Fair Max | 121.00 | 5 |
| 17948 | Tagetes Pat. Brocade Mixed | 30.00 | 3 |
| 19028 | Zinnia El. Dahliafil. Canary Bird | 80.00 | 4 |
| 17947 | Tagetes Pat. Nana Petite Yellow | 49.00 | 4 |
| 19022 | Tropaeolum Maj. Golden Gleam | 426.00 | 17 |
| 19025 | Tropaeolum Nanum Alaska Mix | 327.00 | 13 |
| 19015 | Tropaeolum Nanum Express of India | 669.00 | 29 |
| 19027 | Tropaeolum Maj. Cherry Rose | 193.50 | 8 |
| 19131 | Zinnia El. Willy Rogers | 79.00 | 4 |
| 19026 | Tropaeolum Maj. Tall Sgl. Mixed | 641.00 | 26 |
| 19024 | Tropaeolum Maj. Glorius Gleam Mix. | 242.00 | 10 |
| 19014 | Tropaeolum Nanum Whirllybird Mix | 500.00 | 20 |
| 17939 | Thunbergia Alata Mix | 112.00 | 5 |
| 17950 | Tropaeolum Maj. Dwarf Jewell Mix | 12,000.00 | 480 |

| Total | | 15,969.50 Kg | 648 bags |

4

# Techno Marine Services
Marine Surveyors and Consultants

P.O. Box 1732
San Pedro, CA 90733-1732          ❶ Phone: 714-816-8735 ❷ Fax: 714-826-4080

SURVEY REPORT NO. 20 - 3338

According to the commercial invoice issued by Maua Arusha Ltd., Arusha Tanzania issued to Environmental Seeds Producers, invoice number 48 dated January 3, 2007 the value of the shipment was stated to be USD $63,688.13.

We inspected the following seeds:

Tropaeolum      The seeds adjacent to the wet stains on the bags were mold and clumped together. On account of the moisture in the bags some of the seeds were seen brown discolored and had shrinkage.

The seeds in the bags that did not have any mold stains appeared to be in satisfactory condition.

Zinnia          The bags inspected did not have any stains. The seeds were found to be in apparent visible satisfactory condition.

Thunbergia      Same as above.

Tagetes         Same as above.

## SILVER NITRATE TESTS

The wet stained portion of the bags were tested with silver nitrate solution and the tests proved **negative** as to the presence of chlorides.

## DISCUSSIONS

During our discussions with the consignee, Ms. Anita Laemoa we were advised that they would be sending samples of the different varieties of the seeds to the laboratory to ascertain the extent of damage to the seeds on account of the same being subjected to moisture.

It was recommended that samples also be sent from the bags that were not directly affected by moisture especially those stowed within the container away from the panels.

## CONCLUSION

Based on our inspection and information provided to our office we conclude by stating that the shipment was apparently effected by condensation within the confines of the container resulting from the inherent moisture within the shipment of different varieties of flower seeds.

5

# Techno Marine Services
Marine Surveyors and Consultants

P.O. Box 1732
San Pedro, CA 90733-1732                    ● Phone: 714-816-8735 ● Fax: 714-826-4080

SURVEY REPORT NO. 20 - 3338

The seeds in the bags that were directly in contact with the side panels of the container sustained wetting from the condensed beads of water dripping down the side panels and the seeds adjacent to the wet stains on the bags were found to be wet, moldy, clumped together and discolored.

There did not appear to be any damage to the container as seen during our inspection at the SSA Terminal Long Beach after it was in gated into the terminal loaded with an out bound shipment.

The Phytosanitary Certificate is dated January 8, 2007, the invoice is dated January 9, 2007 and the master bill of lading is dated January 26, 2007.

The shipment was received by the consignee on April 10, 2007.

Hence the shipment was in the container for approximately 90 days.

We estimate damage to the seed of Tropaeolum in some of the bags that were stowed adjacent to the side panels.

Each bag measured 30"x22"x8". Hence we estimate damage to approximately 128 bags of Tropaeolum Seeds (each bag containing 25 kgs) out of the 648 bags that were directly in contact with the side panels amounting to approximately $11,000.00.

This report is based only on the facts presently known to the surveyor in attendance and is submitted without prejudice to the rights of whom it may concern.

The right to amend or supplement this report should additional information be made available is reserved.

Techno Marine Services
Issued at Los Angeles
Dated April 20, 2007

6



MSCU1550902 Inspected at SSA Terminal Long Beach on April 13, 2007
Mfg. Date 10/2002      Dioor gaskets in good condition.



No damage to panels. Container in apprent visible satisfactory conditon.







Side vents partially taped over.



INSPECTION OF SHIPMENT AT ENVIRONMENTAL SEED PRODUCTS
LOMPOC CA ON APRIL 17, 2007







Wet stains on side of bags











Tropaeolum seeds in wet stained bags partially moldy and shrunk















Wet clumps of seeds







Wet Stains on Bags







Seeds wet near stains on bags. Moldy





Zinnia Seeds Dry & In Good Condition





Thunbergia Seeds in good conditon.





We stains on side of bags



Tangetas Seeds in good condition.

EXHIBIT 5

LYONS & FLOOD, L LP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD

                                                 08 Civ. 00223 (JSR)

                Plaintiff,

     - against -

MEDITERRANEAN SHIPPING COMPANY S.A.


                Defendant.
-------------------------------------------------------------x

## RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

       Defendant MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), through

its attorneys Lyons & Flood, LLP, hereby responds to Plaintiffs' First Set of Requests For

Production ("Requests"), upon information and belief as follows:

       MSC has conducted a diligent search and reasonable inquiry in response to the

Requests. However, MSC has not completed its investigation of the facts related to this

case, has not completed discovery in this action, and has not completed its preparation for

any trial that might be held herein.  Its responses to these Requests are based upon

information currently known to MSC and are given without prejudice to MSC's right to

supplement, add to, amend, or modify its responses to these Requests.  Moreover, MSC

reserves the right to make use of, or introduce at any hearing or at trial, documents or

facts not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in this action.

Subject to and without waiving the foregoing Preliminary Statement, MSC makes the following General Objections to the Requests in their entirety, including each of plaintiffs' definitions, instructions, and individual requests contained therein:

## GENERAL OBJECTIONS

MSC makes the following General Objections, whether or not separately set forth in response to each and every request propounded by plaintiffs. The assertion of the same, similar, or additional objections or partial responses to plaintiffs' individual requests does not waive any of MSC's General Objections.

1.     MSC objects to the Requests to the extent that they seek information which is not relevant to the subject matter of this action in that it is neither admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence related to a claim or defense in this action.

2.     MSC objects to the Requests to the extent that they seek confidential or private business information, including, without limitation, trade secret information, personnel information, and/or competitively sensitive information.  MSC will not produce confidential or private business information except pursuant to an appropriate protective order to be entered in this action and any Court ordered modifications thereof.

3.     MSC objects to the Requests to the extent they seek information that is: (a) protected by the attorney-client privilege or prepared in anticipation of litigation or for trial, or that is otherwise subject to the attorney work product doctrine; and/or (b) protected by the right to privacy guaranteed by the United States Constitution; (c)

protected by the joint defense privilege, the common interest privilege, or similar privileges; and/or (d) protected by any other applicable privilege, doctrine or immunity.

4.     Any such information is defined to be "privileged." Any inadvertent disclosure of privileged information shall not be deemed to be a waiver by MSC of any applicable privileges or doctrines.

5.     MSC objects to the Requests to the extent that they attempt to impose on MSC any obligations or requirements that exceed, enlarge and/or alter those imposed by the Federal Rules of Civil Procedure.

6.     MSC objects to the Requests to the extent that they fail to comply with Rule 34 of the Federal Rules of Civil Procedure.

7.     MSC objects to the Requests to the extent that they are vague, ambiguous, misleading, uncertain, unintelligible, overly broad, fail to specifically describe the information sought, are not defined, seek information outside the scope of the instant lawsuit, and/or would require MSC to speculate as to the nature and scope of the documents sought.

8.     MSC objects to the Requests to the extent that they are unduly burdensome, compound and/or duplicative.

9.     MSC objects to the Requests to the extent that they call for discovery which will properly be the subject of discovery for which disclosure presently is both unwarranted and premature.

10.     MSC objects to the Requests to the extent that they purport to seek documents that are already in plaintiffs' possession, documents that are a matter of public record and/or documents that are otherwise equally accessible to plaintiffs.

11.    MSC objects to the Requests to the extent that they purport to impose on MSC the burden of ascertaining information that is not in MSC's possession, custody or control, and/or that cannot be found in the course of a reasonable search.

12.    MSC objects to the Requests to the extent that they call for organization of documents according to request.  MSC will produce documents as they are kept in the ordinary course of business.

13.    MSC objects to the Requests to the extent that they contain inappropriate and/or argumentative headings and sub-headings.

14.    MSC states these objections without waiving or intending to waive, but on the contrary preserving and intending to preserve: (a) all objections to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses to the Requests or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any grounds to the use of any response, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object on any grounds at any time to a demand for further response to these or any other discovery procedures involving or related to the subject matter of the Requests directed to MSC; and (d) the right to object on any grounds to any other or future discovery requests.

15.    Subject to and without waiving the General Objections and qualifications above, MSC further responds as follows:

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST NO. 1:**  All communications or notes of communications and all internal records, documents, correspondence, letters, memoranda, e-mails, reports, notes,

drafts, or other written materials concerning the shipment that is the subject matter of his litigation.

**RESPONSE:** MSC objects to this request on the grounds that it is vague, overly broad, fails to specifically describe the information sought and would require MSC to speculate as to the nature and scope of the documents sought. Subject to and without waiver of the foregoing, MSC produces the following document in addition to the documents produced as part of its Initial Disclosures:

      a.      E-mail Correspondence between Stefaan Deconinck of MSC and Adriana

                Mrowczynska of MSC regarding letter from Badiak & Will LLP.

**REQUEST NO. 2:** All surveys, photographs, videotapes, diagrams or other materials depicting the shipment that is the subject matter of this litigation.

**RESPONSE:** See the documents produced as part of MSC's Initial Disclosures.

**REQUEST NO. 3:** All written materials including but not limited to internal letters, memoranda, e-mails, reports, and/or drafts concerning the handling, packaging, storage and/or transport of the shipment that is the subject matter of this litigation.

**RESPONSE:** MSC objects to this Request on the grounds that it is duplicative. MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. Subject to and without waiver of the foregoing, MSC produces the following:

      a.      MSC's Bay Plans for the Vessels at issue;

**REQUEST NO. 4:** All communications or notes of communications and all written materials exchanged by and between the parties concerning the shipment that is the subject matter of this litigation including but no limited to notes, drafts, reports,

letters, correspondence, e-mail messages, documents and/or records.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 5: Any and all agreements including drafts entered into by and between the parties concerning the shipment that is the subject of this litigation, along with any notes, memoranda, documents, correspondence, e-mails and any other written materials referencing or pertaining to this agreement.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures.

REQUEST NO. 6: Any and all communications or notes of communications, correspondence, memoranda, e-mails, reports, documents or other written materials exchanged by and between defendant MEDITERRANEAN SHIPPING COMPANY, S.A. and third parties concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. Subject to and without waiver of the foregoing, MSC produces the following:

a.      Email from Dominick Mecky to Capt. Nanik Kirpalani.

REQUEST NO. 7: Defendant MEDITERRANEAN SHIPPING COMPANY, S.A.'s entire file pertaining to plaintiff's claim and the shipment which is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC

continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 8: Any and all interchange receipts, transit receipts and/or related documents concerning or pertaining to the shipment that is the subject matter of this litigation.

RESPONSE: See the documents produced as part of MSC's Initial Disclosures. Subject to and without waiver of the foregoing, MSC also produces the following:

    a.    MSC's Gate Transaction Inquiry.

REQUEST NO. 9: Any and all documents or other written materials, including, but not limited to internal letters, notes, drafts, memoranda, correspondence, e-mails and/or reports concerning the transport of the shipment that is the subject matter of this litigation to and from the terminals of lading and discharge.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures

REQUEST NO. 10: Any and all delivery receipts concerning the shipment that is the subject matter of this litigation.

RESPONSE: See Response to Request No. 8 above.

REQUEST NO. 11: Any and all copies, including drafts, of all storage plans concerning the shipment that is the subject matter of this litigation.

RESPONSE: See Response to Request No. 3 above.

REQUEST NO. 12: Any and all bills of lading including front and reverse sides, concerning the shipment that is the subject matter of this litigation.

RESPONSE: See MSC's Bill of Lading attached hereto.

REQUEST NO. 13: Any and all internal reports, including drafts and notes, concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 14: Any and all documents, correspondence and/or other written materials, including e-mails, notifying the defendant of any damage and/or claims concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. Subject to and without waiver of the foregoing, MSC produces the following documents in addition to documents contained in its Initial Disclosures:

a.    E-mail from MSC to Badiak & Will LLP dated December 11, 2007.

b.    Letter from Badiak & Will LLP to MSC dated November 30, 2007.

c.    Letter from MSC to Badiak & Will LLP dated October 25, 2007.

d.    Letter from Badiak & Will LLP to MSC dated October 18, 2007

MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 15: Any and all correspondence, documents and/or written materials, including e-mails, exchanged by and between the parties pertaining to the

shipping arrangements concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 16: Any and all documents, correspondence and/or other written materials, including e-mails exchanged by and between the defendant MEDITERRANEAN SHIPPING COMPANY S.A., and third-parties pertaining to the shipping arrangements concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 17: Any and all documents, memoranda, notes, drafts, reports, correspondence, e-mails, and/or other documents pertaining to the loading and discharge of the shipment that is the subject matter of this litigation.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right

to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 18: Any and all log books concerning the shipment that is the subject matter of this litigation.

RESPONSE: MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 19: Any and all agreements, including drafts and/or proposals, entered into by and between the defendant MEDITERRANEAN SHIPPING COMPANY, S.A., and third parties concerning the shipment that is the subject matter of this litigation.

RESPONSE: See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 20: All Shipper's Letters of Instructions, including front and reverse sides.

RESPONSE: See the documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 21: Any and all records relating to the receipt by defendant of the subject cargo.

RESPONSE: MSC objects to this Request on the grounds that it is duplicative. See the documents produced as part of MSC's Initial Disclosures and in Response to this Request for Production of Documents and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 22: Any and all documents showing exceptions, if any, concerning the order and condition of the cargo described in the Complaint prior to or upon loading on the vessel.

RESPONSE: See documents produced as part of MSC's Initial Disclosures.

REQUEST NO. 23: Any and all statements made by any party concerning the shipment which is the subject matter of this litigation.

RESPONSE: See documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

REQUEST NO. 24: Any and all statements made by any person, firm or entity or witness concerning the shipment which is the subject matter of this litigation.

RESPONSE: See documents produced as part of MSC's Initial Disclosures and note that MSC continues its investigation for materials responsive to this request and reserves the right to supplement this response up to and including the time of trial. If we receive such documents, we will remit them in due course.

Dated:  July 21, 2008

LYONS & FLOOD, LLP
Attorneys for Defendant
MEDITERRANEAN SHIPPING
COMPANY, S.A.

By:  _____
Edward P. Flood (EPF-5797)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\FLOODDOC\2549114\Pleadings\Resp - Doc Request.doc

<u>CERTIFICATE OF SERVICE</u>

Edward P. Flood, an attorney duly admitted to practice before this Honorable

Court, affirms on this 21st day of July 2008, I served true copies of the foregoing, by

Federal Express, to:

> BADIAK & WILL, LLP
> Attorney for Plaintiff
> 106 Third Street
> Mineola, New York 11501
> Attn: Alfred J. Will, Esq.
> Firm Ref: 07-J-011-AW

Edward P. Flood

U:\FLOODDOC\2549114\Pleadings\Resp - Doc Request.doc

A MROWCZYNSKA USNYC CLAIMS

| | |
|---|---|
| From: | S DECONINCK CHGVA LEGAL [sdeconinck@mscgva.ch] |
| Sent: | Monday, December 10, 2007 8:53 AM |
| To: | A MROWCZYNSKA USNYC CLAIMS |
| Cc: | Cargo Claims DL |
| Subject: | RE: GVA 2007-5152-561-2/MSC NY REF T-2382/ROYAL ZANZIBAR 56A/MSCUTA 011091/MSCI BEACH |

| | |
|---|---|
| Follow Up Flag: | Follow up |
| Flag Status: | Red |

Dear Adriana,

During our review of the file relative to the captioned matter, we noticed that our surveyor, to be in good condition, concluded that the shipment was affected by condensation resulting f contained in the different varieties of flower seeds.

The above conclusion is supported by the statement of the consignee who found a majority of w walls and on the top tiers.

MSC, as carrier under FCL/FCL terms, cannot be held responsible for condensation damages and but to reject this claim in full.

Please inform Badiak & Will accordingly.

Thanks and best regards,

Stefaan Deconinck
Legal Department
MSC Geneva
Ph.: ++41 22 703 85 17
Fax: ++41 22 703 87 10
P  Please consider your environmental responsibility before printing this e-mail

-----Original Message-----
From: A MROWCZYNSKA USNYC CLAIMS
Sent: jeudi 6 décembre 2007 15:09
To: S DECONINCK CHGVA LEGAL
Cc: Cargo Claims DL
Subject: GVA 2007-5152-561-2/MSC NY REF T-2382/ROYAL ZANZIBAR 56A/MSCUTA 011091/MSCU 1550902/

Dear Stefaan,
Attached please find a letter from Badiak & Will LLP asking for a settlement proposal. Please

Best Regards,

Adriana Mrowczynska
MSC USA Inc.
As Agents for: Mediterranean Shipping Company S.A. Geneva 420 Fifth Avenue New York, NY 10018
Ph: 212-764-4800 Ext. 42667
Fax: 212-764-1352
amrowczynska@msc.us

BAY (38)39
VOY NO : L706A

MSC SILVANA

POL : JED



BAY (06)07
VOY NO : 771A

POL : DAR

MSC NAMIBIA

BAY (50)51
VOY NO : O710A

MSC ILONA

POL : NGB

500762: Non-Haz Activated Carbon

Edward P. Flood

From:       "DOMINICK MECKY" <mgr-tgt@kaributanga.com>
To:         "N KIRPALANI USNYC CLAIMS MGR" <NKIRPALANI@MSC.US>; "seatrade tanga, branch mgr,
            mr dominick mecky" <mgr-tgt@msctzdar.com>
Cc:         "S DECONINCK CHGVA LEGAL" <sdeconinck@mscgva.ch>; "S DECARROUX CHGVA LEGAL"
            <sdecarroux@mscgva.ch>; <eflood@lyons-flood.com>; "M WACLAWEK USNYC CLAIMS ASST
            MGR" <MWACLAWEK@MSC.US>; "A MROWCZYNSKA USNYC CLAIMS"
            <amrowczynska@MSC.US>
Sent:       Thursday, May 08, 2008 3:05 AM
Subject:    Re: GVA 2007-5152-561-2 / T-2382 - MSC Federica B710A - MSC Ilona 0710A - B/L MSCUTA
            011091 - MCCU 1550902 648 Bags of Flower Seeds - Loaded Tanga, Tanzania January 26, 2007
            for discharge at Long Beach, CA. USA.

Dear Capt. Nanik Kirpalani,

We have made a follow up regarding this matter. Please, note the following:
- Empty containers were released to shipper when containers were clean and
  all vents were open. Therefore, Cellophane Tape was applied by Shippers themselves.
- Generally when containers are sent to shipper, vents are open. Shippers decide whether
  to leave them open or close.
- Vents are generally not checked when containers arrive at terminal for shipping.

This shipment was an FCL/FCL and cargo was stuffed in Arusha by shipper under
customs supervision.


Thank you and best regards,
Dominick Mecky,




----- Original Message -----
From: N KIRPALANI USNYC CLAIMS MGR
To: seatrade tanga, branch mgr, mr dominick mecky
Cc: S DECONINCK CHGVA LEGAL ; S DECARROUX CHGVA LEGAL ; eflood@lyons-flood.com ; M
WACLAWEK USNYC CLAIMS ASST MGR ; A MROWCZYNSKA USNYC CLAIMS
Sent: Wednesday, April 30, 2008 11:25 PM
Subject: GVA 2007-5152-561-2 / T-2382 - MSC Federica B710A - MSC Ilona 0710A - B/L MSCUTA 011091 -
MCCU 1550902 648 Bags of Flower Seeds - Loaded Tanga, Tanzania January 26, 2007 for discharge at Long
Beach, CA. USA.



Dear Mr. Dominick Mecky,

Good morning.

The cargo in the captioned container arrived at destination with considerable 'Mould' and
'Condensation'.

Evidently the 'Vents' on the container were 'Mostly Taped with Cellophane Tape' Please see attached
photographs.

MainsailTM Online

**MEDITERRANEAN SHIPPING COMPANY**

BOYD HAREN

o Home    o Logout    o My Profile    o Contact    o Help

https://piera.tideworks.com/msol/mainsailonline/

Terminal A

Equipment #:

Booking #:

Advanced Equipment Inquiry

Advanced Booking Inquiry

Export Transactions
Import Transactions
Gate Transactions
  · Gate Transaction Inquiry
Equipment
Reports
Vessel Schedule
Truckers

## Gate Transaction Inquiry

### Search Criteria

| Date | Trans. Nbr. |
|---|---|
| 04/10/2007 | 158 |

### Search Results

| Transaction Number | Task | Trans. Status | Container | Chassis | Service Order | Trucker Code | Tractor Lic. |
|---|---|---|---|---|---|---|---|
| 158 | FULLOUT | | MSCU1550902 | MSCZ2080- 1325904 | MSI | 9D30460C, | |

Search

**Transaction**

| | |
|---|---|
| Transaction Number | 158 |
| Task | FULLOUT |
| Category | I |
| Status | F |
| Override Gate Edits | |
| Vehicle | 9D30460CA |

| | | | |
|---|---|---|---|
| Transaction Status | EIR | | |
| Direction | O | | |
| Line | MSC | | |
| Online/Batch | O · | | |
| Carrier | MSI | | |
| Visit | 04/10/07 01:21:13 | | |

**Container Details**

| | |
|---|---|
| Container | MSCU1550902 |
| Service Order | 1325904 |
| Vessel | 9225641 |
| Container ISO Code | |
| Container Position | F223 |
| Container Safe Weight | 20.3 |
| Commodity Code | |
| Special Stow | |
| Temp. Setting | |

| | |
|---|---|
| Container Owner | MSC |
| Service Order Line | MSC |
| Voyage | 0710A |
| Container Damage | |
| Overdimension | |
| Seals | |
| Hazardous | |
| Vent Observed/UOM | |
| Temp. Reading | |

4/10/2007

Mainsail™ Online

| Dray Status | | Tax Code | |
| FTZ Doc | | Prechecked | 04/10/2007 01:21 |
| Decked | | Outgated | 10-APR-07 |
| Created | 04/10/2007 01:21 | Changed | 04/10/2007 02:01 |

**Chassis & Accessories**

| Chassis | MSCZ208043 | Chassis Owner | MSC |
| Chassis ISO Code | | Chassis Damage | |
| Chassis Position | | Fill Direction | |
| Genset | | Cooling Unit | W |

**Weight Details**

| Scale Weight | | Tractor Weight | |
| Chassis Weight | 2.9 | Genset Weight | |
| Cooling Unit Weight | | Net Weight | |

MSC 17 # 01107

**MEDITERRANEAN SHIPPING COMPANY S.A., Geneva**    ORIGINAL BILL OF LADING

MSCUDA011430

| IS IT PORT TO PORT SHIPMENT? (Fill in Boxes 7 & 9) Tick | COMBINED TRANSPORT SHIPMENT? (Fill in Boxes 5, 6, 9 & 10) Tick | N° of original Bsl (number & words) 3/THREE | N° of Bs/l Rider Pages (number & words) NIL |
|---|---|---|---|

**(1) SHIPPER: (Full details)**
MAUA ARUSHA LTD
P.O.BOX 15002
TEL (00 255) (0) 754 273360
ARUSHA, TANZANIA

**(2) CONSIGNEE: (Not Negotiable unless 'To Order of ...')**
ENVIRONMENTAR SEEDS PRODUCERS
W.OLIVE AVE LOMPOC CA 93436 93436
C/O RODGER SEEDS TOM MYLER
917335361 USA 151 93436 1800

ORIGINAL

**(3) NOTIFY: (No responsibility shall attach to Carrier or to his Agent for failure to notify)**
EXPEDITOR INTERNATIONAL KEN SAUBEW CENTURY
BLVD 9TH FLOOR
LOS ANGELS CA USA 90200 90045

**(4) SPACE FOR CARRIER'S AGENTS ENDORSEMENTS (FCL/FCL, SL/SC)**
FCL/FCL
LINER IN/LINER OUT

Z 7976

| (5) PRE-CARRIED BY (Combined Transport only) XXXXXXXXXXXXXX | (6) PLACE OF RECEIPT (Combined Transport only) XXXXXXXXXXXXXX |
|---|---|

| (7) PORT OF LOADING: TANGA | (8) PORT OF DISCHARGE: LONG BEACH |
|---|---|

FK  1/3

| (9) PLACE OF DELIVERY (Combi Trans only) XXXXXXXXXXXXXX | (10) MODE OF CARRIAGE (Combi Trans only) XXXXXXXXXXXXXX |
|---|---|

| (11) VESSEL & VOY# ROYAL ZANZIBAR 3508 | (12) AGENTS AT PORT OF DISCHARGE/DELIVERY |
|---|---|

RECEIVED MAR 2 0 2007

| **(14) CARRIER'S RECEIPT** (Continued on attached Bill of Lading Rider page(s) if applicable) | **(13)** All details shown in Box 14 are furnished by the Shippers. Neither the Merchant, Quantity, Condition, Contents and all other information herein in Box 14 are unknown to the Carrier, who has no means to verify their correctness and does not acknowledge either. The statements of the Shippers in Box 14 do not enlarge the Carrier contractually or in any other manner. |
|---|---|

| Identify Marks of container, other packages and seal number(s) | Number of containers or other packages | Kind of packages received in apparent good order | Sub Code | Cargo Description (Continuation attached Bill of Lading Rider page(s) if applicable) | Cargo Gross weight | Measurement |
|---|---|---|---|---|---|---|
| MSCU 13500020 (W TARE 2200 KG) Seal) 1705518 Carriers seal | | | | 1X20' CNTR (S) STC 640 BAGS OF FLOWER SEEDS 640 BAGS | 15900.000 KG | |

AS DECLARED BY SHIPPER
CLEAN ON BOARD

| TOTAL TARE: 2200.00 KG | | | TOTALS | | 15900.000 KG | |
|---|---|---|---|---|---|---|

| **(15) FREIGHT & CHARGES** (PAYABLE signifies INTENTION. Cargo shall not be delivered unless Freight & Charges are paid) | | | | PAYABLE at | | |
|---|---|---|---|---|---|---|
| Specification of Freight & Charges | | Basis | Rate | POL | POD | ELSEWHERE |

FREIGHT PAYABLE
* AT DESTINATION *

Ad Valorem charges

Declared value:                                      TOTAL FREIGHT & CHARGES

IN ACCEPTING this B/L the Merchant expressly agrees to be bound by all the terms, conditions, limitations and exceptions, whether printed, stamped or written hereon set out on Pages 1 and 2 in particular agrees that the Carrier shall have the right, at his sole discretion, to and Cargo be processed and to carry on deck containers by all kinds including trailers, tanks, flats, private top, panels, vehicles and boats or single articles used to consolidate goods...

| PLACE AND DATE OF ISSUE 26 JAN 2007 | SHIPPED ON BOARD 2 6 JAN 2007 | SIGNED ON BEHALF OF THE MASTER |
|---|---|---|

## A MROWCZYNSKA USNYC CLAIMS

| | |
|---|---|
| **From:** | A MROWCZYNSKA USNYC CLAIMS |
| **Sent:** | Tuesday, December 11, 2007 12:32 PM |
| **To:** | 'ADMIRALAW@AOL.COM'; 'akatz@badiakwill.com' |
| **Cc:** | Cargo Claims DL |
| **Subject:** | RE: MSC Claim # T-2382/ B/L MSCUTA011430; MSCUTA011091; Our Ref: 07-J-011-AW |

Dear Mr. Will and Mr. Katz,

Reference subject matter, our Principals has reviewed the claim documents and has following comments:
"During our review of the file relative to the captioned matter, we noticed that our surveyor, having found the container to be in good condition, concluded that the shipment was affected by condensation resulting from inherent moisture contained in the different varieties of flower seeds.

The above conclusion is supported by the statement of the consignee who found a majority of wet bags along the container walls and on the top tiers.

MSC, as carrier under FCL/FCL terms, cannot be held responsible for condensation damages and hence has no other choice but to reject this claim in full."

In view of the above MSC must reject all liability on this matter.

Best Regards,

Adriana Mrowczynska
MSC USA Inc.
As Agents for: Mediterranean Shipping Company S.A. Geneva
420 Fifth Avenue
New York, NY 10018
Cargo Claims Department
Ph: 212-764-4800 Ext. 42667
Fax: 212-764-1352
amrowczynska@msc.us

---

**From:** A MROWCZYNSKA USNYC CLAIMS
**Sent:** Monday, December 03, 2007 12:07 PM
**To:** 'Alan Katz'
**Cc:** Cargo Claims DL
**Subject:** RE: MSC Claim # T-2382/ B/L MSCUTA011430; MSCUTA011091; Our Ref: 07-J-011-AW

Dear Mr.

Best Regards,

Adriana Mrowczynska
MSC USA Inc.
As Agents for: Mediterranean Shipping Company S.A. Geneva
420 Fifth Avenue

12/11/2007

## BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

106 THIRD STREET
MINEOLA, NY 11501-4404

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

November 30, 2007

Mediterranean Shipping Company (USA) Inc.
420 Fifth Avenue, 8th Floor
New York, New York 10018-2702

RE:    "MSC ILONA" v. 0701A
         Your Ref.:  T2382
         Our Ref.:  07-J-011-AW

Gentlemen:

Enclosed please find a copy of our letter dated October 18, 2007, your reference T2382.

At this time, we would appreciate your making this settlement proposal with respect to this loss.  Thank you for your prompt attention to this matter.

Very truly yours,

BADIAK & WILL, LLP

ALFRED J. WILL

AJW/kl

 **MEDITERRANEAN SHIPPING COMPANY (USA) INC.**

420 Fifth Avenue, New York, NY 10018-2702
Phone (212) 764 - 4800   Fax (212) 764 – 1352

Mediterranean Shipping Company S.A.                    October25, 2007
40, Avenue Eugene Pittard
1206 Geneva, Switzerland
Attn.: Legal and Claims Dept.  –

Ref: GVA 2007-5152-561-2
Vessel: ROYAL ZANZIBAR 56A
BL:  MSCUTA011430
Ctr.: MSCU 1550902
Cargo description: Flower Seeds
Pol: Tanga
Pod: Long Beach
Date of Discharge: 04-05-07
Claim Amount: USD $2,500.00

## MSC File Ref: T-2382

Good day,
Enclosed please find documentation for subject claim. By copy of this letter, we are
acknowledging receipt of the claim.

Kind regards
Cargo Claims Dept.
Mediterranean Shipping Company (USA) INC
As Agents for: Mediterranean Shipping Company S.A. Geneva
Phone: 212-764-4800
Fax:    212-764-1352
Email: cargoclaims@msc.us

C.c. Claimant :    Badiak& Will, LLP
                   106 Third Street
                   Mineola, NY 11501-4404

# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

106 THIRD STREET
MINEOLA, NY 11501-4404

ROMAN BADIAK
ALFRED J. WILL
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

JOHN D. KALLEN

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

Cargo Claims Department                                      October 18, 2007
Mediterranean Shipping Company (USA) Inc.
420 Fifth Avenue, 8th Floor
New York, New York 10018-2702

*Our Ref.: 07-J-011-AW*

Dear Sir or Madam:

We have been retained by Liberty International Underwriters to effect recovery of the following claim and are enclosing the documents listed below. A shipment of flower seeds was exposed to freshwater during carriage. Please note that the claim amount includes the assured's $2,500.00 deductible. Your prompt investigation and payment of this claim would be appreciated.

B/L #'s: MSCUTA011430, 1/26/07; MSCUTA011091
VESSELS: ROYAL ZANZIBAR; MSC ILONA
ORIGIN: Tanga, Tanzania            DISCHARGE: Long Beach, California
SHIPPER: Maua Arusha, Ltd.         CONSIGNEE: Enveromentar Seeds Producers
SHIPMENT: Flower Seeds

Damage and Loss:                    =        $69,825.75

Very truly yours,
BADIAK & WILL, LLP

Alan Katz
Claims Handler

Encl.
Subrogation Receipt
Bodger Seeds Claim Statement
Original Bill of Lading
Arrival Notice
Product Invoice
Packing List
U.S. Customs Entry Form
Certificate of Origin
Freshwater Contamination Analysis by A.J. Edmond Company
Vericlaim Marine Cargo Survey Report

EXHIBIT 6
PORTIONS OF THIS LETTER HAVE BEEN REDACTED
AS THEY MAY, ARGUABLY, PERTAIN TO SETTLEMENT
DISCUSSIONS.

# BADIAK & WILL, LL.

*Attorneys and Proctors in Admiralty*

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

106 THIRD STREET
MINEOLA, NY 11501-4404

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

July 21, 2008

## VIA TELEFAX ONLY 212-594-4589 - URGENT

Lyons & Flood, LLP
65 W. 36th Street, 7th Floor
New York, New York 10018

Attn:   Ed Flood, Esq.

RE:   Liberty Mutual Group Inc., as subrogee of Bodger Seeds, Ltd.
       v. Mediterranean Shipping Company USA
       Index No.: 08 Civ. 00223 (JSR)
       Your Ref.: Please Advise
       Our Ref.: 07-J-001-AW/LS

Dear Mr. Flood:

    We are in receipt of your letter dated July 18, 2008.

Lyons & Flood, LLP
Attn:   Ed Flood, Esq.
July 21, 2008
Page 2

We note that we still have not been provided with ventilation records pertaining to this shipment, or the documents requested in Plaintiff's First Request for Production of Documents dated April 21, 2008.  Nor have we received a response to our letter dated July 15, 2008 requesting outstanding discovery and the scheduling of depositions.  We would like to depose Mr. Mecky and perhaps Captain Jolly.  We reserve the right to take additional depositions after receipt of all outstanding discovery.

Due to the impending deadlines under the Civil Case Management Plan, we intend to seek the Court's intervention no later than tomorrow, July 22, 2008, mid-day.

BADIAK & WILL, LLP

LISA A. SCOGNAMILLO
lscognamillo@badiakwill.com

LAS/lmw

```
.....ANSACTION REPORT                                   JUL-21-2005 MON 04:01 PM

FOR:  BADIAK WILL AND RUDDY        12123766778

        SEND

 DATE  START    RECEIVER       TX TIME   PAGES TYPE      NOTE          M#   DP
 JUL-21 04:00 PM 12125944589      27"     2  FAX TX       OK           488

                                       TOTAL :     27S  PAGES:  2
```

## BADIAK & WILL, LLP

*Attorneys and Proctors In Admiralty*

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@ADL.COM

106 THIRD STREET
MINEOLA, NY 11501-4404

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

July 21, 2008

### VIA TELEFAX ONLY 212-594-4589 - URGENT

Lyons & Flood, LLP
65 W. 36th Street, 7th Floor
New York, New York 10018

Attn:  Ed Flood, Esq.

RE:    Liberty Mutual Group Inc., as subrogee of Bodger Seeds, Ltd.
       v. Mediterranean Shipping Company USA
       Index No.: 08 Civ. 00223 (JSR)
       Your Ref.: Please Advise
       Our Ref.: 07-J-001-AW/LS

Index No.: 062429CV2007

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
         )SS.:
COUNTY OF NASSAU  )

  **I, Luz M. Webb,** being duly sworn, deposes and says:

  I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404.  On August 18,  2008  I served the within AFFIDAVIT IN OPPOSITION TO MSC'S MOTION FOR SUMMARY JUDGMENT on:

    Attn: Edward Flood, Esq.
    Lyons & Flood, LLP
    Attorneys for Defendant - MEDITERRANEAN SHIPPING COMPANY, S.A.
    65 W. 36th Street, 7th Floor
    New York, New York 10018

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

              LUZ M. WEBB

Sworn to before me this
_____ day of August, 2008
_____
NOTARY PUBLIC

    LISA A. SCOGNAMILLO
   Notary Public, State of New York
     No. 5011463
   Qualified in Nassau County
  Commission Expires Apr 19, 19 __ 2011