UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LIBERTY MUTUAL GROUP, INC.,
As subrogee of BODGER SEEDS, LTD.,

                      Plaintiff,                            08 CV 00223 (JSR)

     - against -                                   **ECF CASE**

MEDITERRANEAN SHIPPING
COMPANY, S.A.,

                      Defendant.

-------------------------------------------------------X

**STATEMENT OF MATERIAL FACTS PURSUANT
TO LOCAL RULE 56.1 BY PLAINTIFF LIBERTY
MUTUAL GROUP, INC. AS SUBROGEE OF
BODGER SEEDS, LTD. IN OPPOSITION TO
DEFENDANT MEDITERRANEAN SHIPPING COMPANY,
S.A.'S MOTION FOR SUMMARY JUDGMENT.**

**CONTROVERTED MATERIAL FACTS.**

Pursuant to Local Rule 56.1(b) of the United States District Court for the Southern District of New York, Plaintiff LIBERTY MUTUAL GROUP, INC., AS SUBROGEE OF BODGER SEEDS, LTD., submits the following correspondingly numbered paragraphs responding to the numbered paragraphs contained in the Rule 56.1 Statement of Defendant Mediterranean Shipping Company, S.A. ("MSC"), and controverting the facts stated therein:

6. The subject container was sealed with the *carrier's* seal. (Will Opp Aff. ¶ 7 and Will Opp Exh. 2 [bill of lading]).[1]

---

[1] "Will Opp. Aff. ¶ __" refers to the numbered paragraphs contained in the Affidavit in Opposition to MSC's Motion for Summary Judgment sworn to on August 18, 2008. Will Opp. Exh. refers to the numbered exhibits annexed to the Will Opp. Aff.

8. The bill of lading clauses annexed as Exhibit A to the Affirmation of Stefaan Deconinck in Support of Motion for Summary Judgment executed on August 7, 2008 ("Deconinck Aff.") are completely illegible and it is impossible to read any of the clauses, including clause 17. (Deconinck Aff. Exh. A).

9. The subject container was not transported directly from Tanga, Tanzania to Long Beach, California as contracted for in the applicable bill of lading. (Deconinck Aff. ¶ 6 and Will Opp. Aff. ¶ 4 and Will Opp. Exh. 2).

10. The MSC ILONA arrived at the pier in Long Beach, California with the subject container on April 4, 2008. (Will Opp. Aff. ¶ 14 and Will Opp. Exh.7).

12. Captain Jolly has no personal knowledge of whether Environmental Seed Producers ("ESP"), the consignee, noted defects or damage to the container when receiving the container or unloading the cargo and this conclusion is based solely upon hearsay. (Jolly Aff. ¶ 4)[2]

14. When the bags of flowers seeds were discharged from the subject container, most of the cargo was found wet, specifically 636 bags out of 648. (Will Opp. Aff. ¶ 18 and Will Opp. Exh. 3 [Berri Survey] at pages 6-8).

---

[2]"Jolly Aff. ¶ __" refers to the numbered paragraphs contained in the Affirmation of Captain Arun Jolly In Support of Motion for Summary Judgment executed on August 7, 2008 and submitted by defendant MSC.

15. Surveyors appearing for both parties performed a joint inspection of the cargo on April 17, 2008. (Will Aff. Exh.3 [Berri Survey] at page 3 and Will Exh. 4 [Berri Aff.][3] ¶ 2 and Berri Aff. Exh. 1 ([Jolly Survey][4] at page 3).

16. MSC has not provided any test results confirming fresh water wetting. (Jolly Aff. ¶ 5; Flood Aff. Exh. B).[5]

17. Plaintiff's surveyor never observed the water damaged bags while they were in the container, and, thus, Plaintiff's surveyor has no personal knowledge of the location of the water damaged bags while in the subject container. (Berri Aff. ¶ 20). Plaintiff's surveyor also never examined the subject container and has no personal knowledge about the condition of the subject container. (Berri Aff. ¶ 21).

18. Captain Jolly's conclusion about the condition of the subject container is based upon hearsay (Jolly Aff. ¶ 4) and an admittedly *partial* examination of the exterior and *no* examination of the interior of the subject container. (Berri Aff. ¶¶ 17, 18, 19 and Berri Exh. 1 [Jolly Survey] which states "The container was found to be in satisfactory condition as from what could be seen. We were only able to inspect the door panels, the front panels and the right side panels." (Berri. Exh. 1 [Jolly Survey] at page 3 and annexed photographs showing that other containers were stacked

---

[3]"Berri Aff. ¶ __" refers to the numbered paragraphs contained in the Affidavit of Dennis Berri, Plaintif's surveyor, sworn to on August 18, 2008. "Berri. Exh. __" refers to the numbered exhibits annexed to the Berri Aff.

[4]"Jolly Survey" refers to the survey of Captain Arun K. Jolly, MCS's surveyor, of the subject cargo.

[5]"Flood Aff." refers to the Affirmation of Edward P. Flood In Support of Motion for Summary Judgment executed on August 7, 2008 and submitted by MSC.

on top of and next to the subject containing, thus preventing an inspection of the roof and one side of the container. (Berri. Aff. ¶ 4, 18, 19)).

Captain Jolly never examined the interior of the container because, as indicated by Captain Jolly's own survey, the container was already loaded with another shipper's cargo and sealed when Captain Jolly examined the subject container. (Berri Aff. ¶¶ 6, 7, 17 and Berri Exh. 1 [Jolly Survey] at pages 2-3).

Captain Jolly has no personal knowledge about the pattern of the wetting because he never observed the cargo while it was in the container. (Berri. Aff. ¶¶ 6, 7, 17 and Berri Exh. 1 [Jolly Survey] at pages 2-3).

Captain Jolly's conclusion about the cause of wetting is speculative and unsupported by the independent testing of a Moisture Content Test which is required in order to make such a determination. (Berri Aff. ¶¶ 9, 15).

19. Captain Jolly's conclusion about the cause of wetting is unsupported by the independent testing of a Moisture Content Test which is required to make such a determination. (Berri Aff. ¶¶ 9,15).

Captain Jolly's conclusion regarding condensation forming on the interior container panels and subsequently wetting the bags pressed against the panels and rear door of the container is unsupported, speculative and not based upon personal knowledge. Captain Jolly never examined the interior of the container because, as indicated by Captain Jolly's own survey, the container was already loaded with another shipper's cargo and sealed when Captain Jolly examined the subject container. (Berri Aff. ¶¶ 6, 7, 17 and Berri Exh. 1 [Jolly Survey] at pages 2-3). Additionally,

Captain Jolly never observed the cargo while it was in the container. (Berri. Aff. ¶¶ 6, 7, 17 and Berri Exh. 1 [Jolly Survey] at pages 2-3).

20. Captain Jolly's conclusion about the condition of the subject container following discharge is based upon hearsay and only an admittedly *partial* examination of the exterior and *no* examination of the interior of the subject container. (Berri Aff. ¶¶ 17, 18, 19 and Berri Exh. 1 [Jolly Survey] which states "The container was found to be in satisfactory condition as from what could be seen. We were only able to inspect the door panels, the front panels and the right side panels." (Berri. Exh. 1 [Jolly Survey] at page 3 and annexed photographs showing that other containers were stacked on top of and next to the subject containing, thus preventing an inspection of the roof and one side of the container. (Berri. Aff. ¶ 4, 18, 19)).

5

Captain Jolly never examined the interior of the container because, as indicated by Captain Jolly's own survey, the container was already loaded with another shipper's cargo and sealed when Captain Jolly examined the subject container. (Berri Aff. ¶¶ 6, 7, 17 and Berri Exh. 1 [Jolly Survey] at pages 2-3).

Dated: Mineola, New York
      August 18, 2008

                                    BADIAK & WIILL, LLP
                                    Attorneys for Plaintiff
                                    LIBERTY MUTUAL GROUP, INC.,
                                    As Subrogee of BODGER SEEDS,
                                       LTD.

By: _____
       ALFRED J. WILL (AW-2485)
       106 Third Street
       Mineola, New York 11501
       (516) 877-2225
       Our File: 07-J-011-AW/LS

Index No.: 062429CV2007

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )SS.:
COUNTY OF NASSAU      )

     **I, Luz M. Webb,** being duly sworn, deposes and says:

     I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On August 18, 2008 I served the within STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 BY PLAINTIFF LIBERTY MUTUAL GROUP, INC., AS SUBROGEE OF BODGER SEEDS, LTD. IN OPPOSITION TO DEFENDANT MEDITERRANEAN SHIPPING COMPANY, S.A.'S MOTION FOR SUMMARY JUDGMENT on:

     Attn: Edward Flood, Esq.
     Lyons & Flood, LLP
     Attorneys for Defendant - MEDITERRANEAN SHIPPING COMPANY, S.A.
     65 W. 36th Street, 7th Floor
     New York, New York 10018

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                         LUZ M. WEBB

Sworn to before me this
18th day of August, 2008

NOTARY PUBLIC

LISA A. SCOGNAMILLO
Notary Public, State of New York
No. 5011463
Qualified in Nassau County
Commission Expires Apr 19, 2011