LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD.,

          Plaintiff,

- against -

MEDITERRANEAN SHIPPING COMPANY S.A.,

          Defendant,
-----------------------------------------------------------X

ECF CASE

08 Civ. 00223 (JSR)

**SUPPLEMENTAL AFFIRMATION OF EDWARD P. FLOOD IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      EDWARD P. FLOOD, an attorney duly admitted to practice law before this Court, affirms the following under the penalties of perjury under 28 USC § 1746:

      1.    I am an attorney at law and a member of the firm of Lyons & Flood, LLP, attorneys for Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), and I have personal knowledge of the facts contained herein.

      2.    This Supplemental Affirmation is respectfully submitted in response to plaintiff's motion for summary judgment and in further support of defendant's motion for summary judgment, requesting a judicial determination that MSC is not liable for unavoidable sweat damage to 648 bags of flower seeds, and for such other, further relief, as this Court may deem just and proper.

3. On April 21, 2008, plaintiff served defendant MSC with its First (and only) Request for Production of Documents, attached hereto as Exhibit A. As seen from Exhibit A, there is no specific request for any "ventilation records."

4. Plaintiff's letter of July 21, 2008 was the first time plaintiff requested "ventilation records."

5. It is now apparent from the Affirmation of Captain V.S. Parani that no "ventilation records" exist in regard to the subject shipment.

The foregoing is true and correct to the best of my knowledge under the penalty of perjury.

Executed on: August 19, 2008

_____
Edward P. Flood (EPF-5797)

U:\FLOODDOC\2549114\Motions\Response to Plaintiff's Summ. Jud. Motion\Aff - Flood.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for Defendant MEDITERRANEAN SHIPPING COMPANY, S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On August 19, 2008, I served true copies of the Supplemental Affirmations of Edward P. Flood and Captain Arun Jolly, and the Affirmation of Captain V.S. Parani in Opposition to Plaintiff's Motion for Summary Judgment upon:

> BADIAK & WILL, LLP
> Attorney for Plaintiff
> 106 Third Street
> Mineola, New York 11501
> Attn: Alfred J. Will, Esq.
> Firm Ref: 07-J-011-AW

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: August 19, 2008

_____
Erika Tax

U:\FLOODDOC\2549114\Motions\Response to Plaintiff's Summ. Jud. Motion\Aff - Flood.doc

# EXHIBIT A

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501
Our Ref.: 07-J-011-LS

RECEIVED
APR 2 3 2008
By_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LIBERTY MUTUAL GROUP, INC.,                 08-CV-00223 (JSR)
as subrogee of BODGER SEED, LTD.,

              Plaintiff,                    **PLAINTIFF'S FIRST REQUEST
                                            FOR PRODUCTION OF
           -against-                      DOCUMENTS**

MEDITERRANEAN SHIPPING COMPANY,
S.A.,

             Defendants.
----------------------------------------------------------X

      PLEASE TAKE NOTICE, that Plaintiff, LIBERTY MUTUAL GROUP, INC., as subrogee of BODGER SEEDS, LTD., pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that the defendant MEDITERRANEAN SHIPPING COMPANY, S.A., respond, within thirty (30) days of service hereof, and produce and permit the plaintiff to inspect and copy at the offices of BADIAK & WILL, LLP, 106 Third Street, Mineola, New York 11501, the original or a legible copy thereof, of the following documents:

      1.     All communications or notes of communications and all internal records, documents, correspondence, letters, memoranda, e-mails, reports, notes, drafts, or other written materials concerning the shipment that is the subject matter of this litigation.

      2.     All surveys, photographs, videotapes, diagrams, or other materials depicting the shipment that is the subject matter of this litigation.

3. All written materials including but not limited to internal letters, memoranda, e-mails, reports, and/or drafts concerning the handling, packaging, storage and/or transport of the shipment that is the subject matter of this litigation.

4. All communications or notes of communications and all written materials exchanged by and between the parties concerning the shipment that is the subject matter of this litigation including but not limited to notes, drafts, reports, letters, correspondence, e-mail messages, documents, and/or records.

5. Any and all agreements including drafts entered into by and between the parties concerning the shipment that is the subject of this litigation, along with any notes, memoranda, documents, correspondence, e-mails and any other written materials referencing or pertaining to this agreement.

6. Any and all communications or notes of communications, correspondence, memoranda, e-mails, reports, documents or other written materials exchanged by and between defendant MEDITERRANEAN SHIPPING COMPANY, S.A. and third parties concerning the shipment that is the subject matter of this litigation.

7. Defendant MEDITERRANEAN SHIPPING COMPANY, S.A.'s entire file pertaining to plaintiff's claim and the shipment which is the subject matter of this litigation.

8. Any and all interchange receipts, transit receipts and/or related documents concerning or pertaining to the shipment that is the subject matter of this litigation.

9. Any and all documents or other written materials, including, but not limited to internal letters, notes, drafts, memoranda, correspondence, e-mails and/or

reports concerning the transport of the shipment that is the subject matter of this litigation to and from the terminals at loading and discharge.

10. Any and all delivery receipts concerning the shipment that is the subject matter of this litigation.

11. Any and all copies, including drafts, of all storage plans concerning the shipment that is the subject matter of this litigation.

12. Any and all bills of lading including front and reverse sides, concerning the shipment that is the subject matter of this litigation.

13. Any and all internal reports, including drafts and notes, concerning the shipment that is the subject matter of this litigation.

14. Any and all documents, correspondence and/or other written materials, including e-mails, notifying the defendant of any damage and/or claims concerning the shipment that is the subject matter of this litigation.

15. Any and all correspondence, documents and/or other written materials, including e-mails, exchanged by and between the parties pertaining to the shipping arrangements concerning the shipment that is the subject matter of this litigation.

16. Any and all documents, correspondence and/or other written materials, including e-mails exchanged by and between the defendant MEDITERRANEAN SHIPPING COMPANY, S.A., and third-parties pertaining to the shipping arrangements concerning the shipment that is the subject matter of this litigation.

17. Any and all documents, memoranda, notes, drafts, reports, correspondence, e-mails, and/or other documents pertaining to the loading and discharge of the shipment that is the subject matter of this litigation.

3

18.  Any and all log books concerning the shipment that is the subject matter of this litigation.

19.  Any and all agreements, including drafts and/or proposals, entered into by and between the defendant MEDITERRANEAN SHIPPING COMPANY, S.A. and third parties concerning the shipment that is the subject matter of this litigation.

20.  All Shipper's Letters of Instructions, including front and reverse sides.

21.  Any and all records relating to the receipt by defendant of the subject cargo.

22.  Any and all documents showing exceptions, if any, concerning the order and condition of the cargo described in the Complaint prior to or upon loading on the vessel.

23.  Any and all statements made by any party concerning the shipment which is the subject matter of this litigation.

24.  Any and all statements made by any person, firm or entity or witness concerning the shipment which is the subject matter of this litigation.

DATED:    Mineola, New York
          April 21, 2008

                              Yours, etc.,

                              BADIAK & WILL, LLP
                              Attorneys for Plaintiff

                         By: _____
                              LISA A. SCOGNAMILLO
                              106 Third Street
                              Mineola, New York 11501-4404
                              (516) 877-2225
                              Our Ref.: 07-J-011-LS

TO:    LYONS & FLOOD, L.L.P.
        Attorneys for Defendant
        MEDITERRANEAN SHIPPING COMPANY, S.A.
        65 West 36th Street, 7th Floor
        New York, New York 10018
        (212) 594-2400
        Attn: Edward P. Flood, Esq.

08-CV-00223 (JSR)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                 ) SS:
COUNTY OF NASSAU )

I, **Luz M. Webb**, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside at c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York, 11501-4404. On April 21, 2008, I served the within PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS on:

LYONS & FLOOD, L.L.P.
Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400
Attn: Edward P. Flood, Esq.

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
LUZ M. WEBB

Sworn to before me this
21st day of April, 2008

_____
NOTARY PUBLIC

```
LISA A. SCOGNAMILLO
Notary Public, State of New York
No. 5011463
Qualified in Nassau County
Commission Expires Apr 19, 19— 20l1
```