LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIBERTY MUTUAL GROUP INC.
as subrogee of BODGER SEEDS, LTD.,

                Plaintiff,

- against -

MEDITERRANEAN SHIPPING COMPANY S.A.,

                Defendant,
------------------------------------------------------------X

ECF CASE

08 Civ. 00223 (JSR)

**AFFIRMATION OF CAPTAIN V.S. PARANI IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      CAPTAIN V.S. PARANI affirms in response to plaintiff's motion for summary judgment the following under the penalty of perjury under the laws of the United States of America:

      1.     I am an employee of defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC") and hold the position of Safety and Quality Superintendent in its Ship Management Department in Hong Kong, China. I have extensive experience in the shipment of containers aboard large ocean-going vessels generally and am familiar with this matter specifically. Accordingly, I have personal knowledge of the facts contained herein.

      2.     As a general practice, hold vents aboard large container vessels are ventilated naturally or passively. This means that forced draught exhaust fans are not used to dissipate heat that builds up inside of the holds. These fans are ordinarily used

only when a vessel's crew enters the hold for a daily inspection of the tanktop or to perform maintenance work. During periods of inclement weather, the hold's vents and fans are kept shut to prevent seawater from infiltrating the hold.

3. Ventilation of each individual container in ships capable of transporting over two hundred (200) at a time on and below deck is commercially unfeasible. However, shippers do have the option of using temperature controlled reefer containers or purpose built containers with ventilation openings on the floor and roof designed to prevent damage to sensitive cargos.

4. Unless there is an express condition requiring record keeping in the cargo manifest, a vessel's crew does not record ventilation in the log book or in separate documentation.

5. If there was no condition in the cargo manifest requiring that ventilation records be made for the shipment of flower seeds, then no such records would have been made or kept. It is my understanding that the shipper never specified that such records be kept, and therefore, no ventilation records for the subject shipment of flower seeds exist.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 15, 2008

*V.S. Parani* (signature)

_____
Captain V.S. Parani